## JUDGE OF BENTON COUNTY COURT, use, &c. v. PRICE, et al.

1. An administrator, *de bonis non*, cannot cause his predecessor and sureties to be sued upon the administration bond executed by them, where no judgment or decree has been obtained against the principal therein, for the breach of his duty as administrator.

WRIT of error to the Circuit Court of Benton.

This was an action of debt, at the suit of the plaintiff in error, against the defendants. The suit was brought for the use of James L. Simmons, administrator *de bonis non*, with the will annexed, of Wm. Burns, deceased, against Wm. C. Price, the late sheriff of Benton, and, *ex officio*, the predecessor of Simmons in the administration of Burns' estate, and Thomas R. Williams and Isaac Haynes, his sureties in the bond, which he had executed for the faithful performance of his official duties.

The declaration alleges, that, on the 14th of January, 1842, the grant of administration to Price was revoked, and on the same day, letters of administration were regularly granted by the orphans' court of Benton to Simmons, the real plaintiff; that the administrator *de bonis non* has made a special demand of his predecessor of the assets, &c., unadministered; and that he has failed and refused to deliver up and hand over the same. It is averred, that Price has converted the estate of the decedent, of the value of four thousand dollars. Many special breaches of the defendants' bond are stated, which need not be here particularly noticed. The defendants demurred to the declaration, and their demurrer being sustained, a judgment was rendered against the plaintiff.

S. F. RICE, for the plaintiff in error.
WM. B. MARTIN and T. A. WALKER, for the defendants.

COLLIER, C. J.—The question presented for the consideration of this court, is, whether the plaintiff's action can be maintained? It is said that an administrator *de bonis non* is entitled

to all the assets which remain in specie, and were not administered by the first executor, or administrator. [3 Bac. Ab. 19, 20, 1 Lomax's Ex'rs. 336.] But if the property, in any of the effects of the deceased, have been changed by the original executor or administrator, and have vested in him in his individual capacity, they cannot be recovered by an administrator *de bonis non.* [Ibid. Dodson v. Simpson, 2 Rand. Rep. 294.] So, if the previous administrator have wasted or converted the estate, his representatives cannot be called to an account by his successors in the administration. [1 Lomax's Ex'rs. 337–8; Wernic v. McMurdo, 5 Rand. Rep. 51 ; Hagthorp v. Hook, 1 G. & Johns. Rep. 270 ; Cheatham v. Burfoot, 9 Leigh's Rep. 580; 2 Porter's Rep. 550·]

In the case of the Judge of the Madison county court v. Looney, et al., [2 Stewt. & P. Rep. 70,] an action of debt was brought in the name of the judge, the obligee of the bond, against an executor and his sureties. The breaches assigned were : the failure of the executor to return an inventory and appraisement; an account of sales ; to make settlement of the affairs of the estate ; or to pay the persons, for whose use the suit was brought, a legacy, which it was the object of the action to recover. A demurrer to the declaration was sustained upon the ground, that the suit upon the bond was not maintainable, until the amount claimed was ascertained by a settlement in the county court or otherwise. [See, also, The Ordinary v. Williams and Parkman, et al, 1 Nott & McC. Rep. 587; The Ordinary v. Powers, 2 Id. 213.] The case of the Judge of the Limestone county court v. French, [3 Stewt. & P. Rep. 263,] was an action against one of the sureties in an executor's bond, to recover a distributive share of the testator's estate. The order of the orphans' court professed to be a final settlement with the executor, ascertained the amount due each distributee, and the number of them, but did not state their names, or render a decree, either joint or several, in their favor. The court was of opinion, that a decree of the orphans' court, upon the final settement of the accounts of an executor or administrator, would support an action against his sureties in the bond, if the money could not be collected of their principal. But it was held, that, as the settlement was not followed by an order against the executor for the payment of the money, it did not authorize a suit against his sureties. In the Judge of

the Limestone county court v. *Coalter*, et al., [Id. 348,] it was decided, that, before suit can be brought on the bond, assets must be fixed in the hands of the executor, and the inability to make the money out of him, must be established : that the order of the judge of the county court to pay a specific sum to a distributee, is tantamount to a judgment of *devastavit*, and sufficiently establishes the fact of assets being in the hands of the executor or administrator. If, in such case, execution had been sued out, and returned *nulla bona*, it would have shown the default of the executor, and authorized a suit against the sureties on the bond. [See Faulk v. The Judge of Monroe County Court, 2 Porter's Rep. 538 ; Thompson, Judge, &c., v. Searcy and Fearn, 6 Porter's Rep. 393; Coney v. Williams, et al., 9 Mass. Rep. 114 ; Stewart v. Treasurer of Champaign County, 4 Ohio Rep. 98 ; Jones v. Anderson, 4 McC. Rep. 113.]

In the goods of Hall, [1 Hagg. Rep. 139,] an action at common law being brought in the Archbishop's name, by the administrator *de bonis non*, against the executor of the original administrator, for the balance of the intestate's estate, the ecclesiastical court directed the bond to be attended with, on the trial at law, security being given to indemnify the Archbishop against costs. There, the suit was brought against the executor of the administrator alone, without joining the sureties of the latter, and the decision of the court went only to the extent we have stated. Whether the condition of the administration bond, under the 22 & 23 Chas. II. c. 10, s. 1, subjects the obligor to an action where none can be maintained here, we will not stop to inquire. It may, however, be remarked, that the condition defines the duties required with some degree of particularity, and that the case cited, is the only adjudication we can find touching the right of the administrator *de bonis non* to put the bond in suit against his predecessor, before he has recovered a judgment against him. [1 Lomax's Ex'rs. 338 ; 1 Williams' Ex'rs. 334.]

By a statute passed in 1806, it is enacted that, "if it appear upon examination that any administrator hath embezzled, wasted or misapplied all, or any part of the decedent's estate, or shall refuse or neglect to give bond, with security as aforesaid, the said (orphans') court may forthwith revoke or repeal the letters of administration; and thereupon grant letters of administration to such other person or persons, having a right thereto, as will give

bond in manner and form aforesaid; who may have actions of trover, detinue, account, and on the case, for such goods or chattels as came to the possession of the former administrator, and were withheld, wasted, embezzled, detained, or misapplied by any of them, and no satisfaction made for the same." [Clay's Dig. 221, § 4.] This act, it is true, gives to the administrator *de bonis non* a remedy in some cases, in which he had none at the common law; but it does not authorize the bond to be put in suit; it merely gives an action against the original representative for the detention, wasting, embezzlement or misapplication of the goods and chattels of the intestate that have come to his hands. We have seen that neither of the actions provided by the statute, or any other, would lie where the assets of the estate had been wasted, or converted; and the act only applies where letters of administration have been revoked and granted to another for either of the causes mentioned in it.

Whether it would not be competent, in the absence of any express legislation upon the subject, for the administrator *de bonis non* to cause the bond to be sued on against the first administrator *alone*, and to allege as a breach, a refusal to deliver over the goods that remain in his hands unadministered, we will not, as it is unnecessary, undertake to determine. It may be questionable whether such an action can be maintained, even where letters of administration have been revoked for the causes mentioned in the statute, where the assets have been wasted or converted; but be this as it may, it is perfectly clear upon the authorities cited that the sureties cannot be sued, either jointly or alone, until a judgment or decree has been first obtained against their principal, and an execution issued thereon, prove to be unproductive.

Without undertaking to consider any particular objection to the declaration, we are brought to the conclusion that the action cannot be sustained; the judgment of the circuit court is consequently affirmed.