# Joseph *v.* Henderson.

*Action for Damages against Plaintiff in Attachment, by Assignee of Defendant.*

1. *Description of goods in complaint.*—In trespass for wrongfully seizing a stock of goods, it is sufficient to describe them in the complaint as "a stock of general merchandize formerly owned by L. & Brother, consisting of dry grods, groceries, hardware, &c., in the town of R., and in the M. building."

2. *When case or trespass lies for wrongful levy on goods.*—A claimant of goods which are in the rightful possession of the sheriff under the levy of an attachment, not having either the actual possession or the immediate right of possession, can not maintain an action of trespass against a subsequent attaching creditor; but, if the subsequent attachment is wrongfully levied on the goods, and loss or injury results to the owner, he may maintain an action on the case for damages.

3. *Whether count is in case or trespass.*—A count which claims damages for that the defendant "wrongfully caused an attachment," which he had sued out against a third person, "to be levied on a certain stock of goods which was the property of the plaintiff, but which was at that time in the possession of the sheriff under the levy of prior attachments sued out by other persons," and avers that, "by reason of such wrongful levy, said goods were wholly lost to plaintiff by the sale thereof by the sheriff under defendant's said attachment," is in case, and shows a good cause of action.

4. *Levy of attachment by constable; delivery of property to sheriff.* When an attachment is issued by a justice of the peace, returnable to the Circuit Court, and placed in the hands of a constable to be executed (Code, § 2956), if the constable delivers the property levied on to the sheriff, the latter holds it in his official capacity as sheriff, and not as a mere bailee of the constable.

[Joseph v. Henderson.]

APPEAL from the Circuit Court of Randolph.

Tried before the Hon. JAS. R. DOWDELL.

This action was brought by Samuel Henderson, as assignee of A. J. Langley & Brother, against M. Joseph, and was commenced on the 4th March, 1889. The original complaint contained a single count, in these words: "Plaintiff claims of defendant $5,000 damages for wrongfully taking the following goods and chattels, the property of the plaintiff, viz., a stock of general merchandise formerly owned by A. J. Langley & Brother, consisting of dry goods, groceries, hardware, &c., in the town of Roanoke, and in the Dave Manley building." To this complaint five pleas were filed on the 6th May, 1889, but no reference is made to them in the judgment-entry. On August 30th, 1889, the plaintiff amended his complaint by adding two more counts, in these words: "(2.) Plaintiff claims of defendant the further sum of $5,000, for that heretofore, on," &c., "defendant wrongfully caused an attachment, sued out by himself against A. J. Langley & Brother, to be levied on a certain stock of goods in Roanoke, Alabama, said stock being general merchandise, which was the property of plaintiff; and plaintiff avers that said goods were, at the time of said levy, in the possession of the sheriff of said county, under prior attachments sued out by other parties, which had been levied on said goods, and that by reason of said wrongful levy of said defendant said goods were wholly lost to this plaintiff by the sale of said goods by the sheriff under defendant's said attachment." (3.) This count was in trover, claiming $5,000 for the conversion of the goods.

To the complaint as thus amended the defendant demurred, assigning fourteen separate grounds of demurrer, some of which were addressed to the entire complaint, and the others to the different counts separately. The first and seventh grounds of demurrer to the whole complaint were in substance the same—a misjoinder of counts in joining the third count with the first and second. Another ground of demurrer to the whole complaint, and also to the first and second counts each, was, that the property was not sufficiently described. To the second count it was specially assigned as ground of demurrer, "(9) because, under the facts stated in said count, the plaintiff is not entitled to recover, the possession of said goods claimed to have been levied on being shown by said count to have been, not in the possession of the plaintiff, but in the custody of the law under a prior attachment which had been levied on them, by virtue of which they were in the possession of the sheriff;" and also,

(10–11), because the said count "does not show that plaintiff was injured by the alleged levy of defendant's said attachment," "nor damaged by any act of said defendant." The court sustained the first and seventh grounds of demurrer, but overruled the others; and the complaint was then amended by striking out the third count.

To the complaint as thus amended, containing only the first and second counts, the defendant then interposed sixteen pleas, of which it is only necessary to mention the following, the fifth, sixth and seventh being addressed to the whole complaint, and the others to the second count only:

(5.) That at the time of the levy of defendant's attachment the goods were not in the possession of the plaintiff, nor had he the right to the possession thereof, but the same were in the possession of one Ford, the sheriff of the county, who held them under and by virtue of the levy of three prior attachments against said Langley & Brother, in favor of certain persons named, which said attachments were issued by a certain justice of the peace, returnable to the Circuit Court, and on each was indorsed an order directing Kent, a constable, to levy them and make return to the Circuit Court; that said attachments were levied by said constable on the goods, as the property of Langley & Brother, and the possession of the goods was by him delivered to said Ford as sheriff, who had the right to the possession and custody thereof; and that defendant's attachment came to the hands of the sheriff while he so held the possession of the goods, and was by him levied on the goods, subject to the levy of the prior attachments; and that there was no change of possession of said goods at the time of the levy of defendant's attachment.

(6.) That the goods claimed, at the time when defendant's attachment was placed in the hands of the sheriff, were in the possession and custody of said Kent as constable, under and by virtue of the levy of said prior attachments, describing them as before, "and said Kent afterwards delivered the possession of said goods to said sheriff, who held the same as the bailee of said Kent, and, while so holding as such bailee, said sheriff returned defendant's said attachment as levied on said goods."

(7.) That said goods "were never taken possession of under defendant's said attachment, by the sheriff of said county or any other person, but said goods came into the hands of said sheriff as bailee, while said attachment was in his hands, in manner following;" that is to say, said prior

attachments, described as before, were levied on the goods by said Kent as constable; "and while holding possession of said goods under said levies he placed said goods in the hands of said sheriff, R. H. Ford, as his bailee; and said Ford, while so holding possession as bailee, returned defendant's said attachment as levied thereon, for the purpose of holding thereunder any surplus that might remain after satisfying said prior attachments so levied."

(14.) That plaintiff ought not to recover on the second count in his complaint, "because said goods, at the time of the alleged levy of defendant's attachment, were not in the plaintiff's possession, nor had he at that time any right to the possession thereof, but said goods were then in the possession of R. H. Ford, sheriff of said county, who was holding possession thereof under and by virtue of three certain attachments," describing them as above, and alleging their levy by the constable; that the constable took possession of the goods under the levy of the attachments, "and delivered said goods to said Ford, the sheriff of the county, who had the legal right to the possession and custody thereof;" and that defendant's said attachment came into the hands of the sheriff while he was so in the possession of the goods, and was levied by him on said goods, "subject to said three prior attachments;" and that "there was no change of possession of said goods at the time of said levy of defendant's said attachment."

(15.) That defendant is not guilty as charged in said second count, because said goods, at the time of the alleged levy of defendant's attachment, "had already been levied on by said Kent as constable" under said prior attachments, described as before, and were held by him under said levies when defendant's attachment was placed in the hands of the sheriff; "and that said Kent afterwards delivered the possession of the goods to said sheriff, who held the same as the bailee of said Kent, and while so holding possession as such bailee returned defendant's attachment as levied on said goods."

(16.) That plaintiffs ought not to recover under said second count, "because said goods were never taken possession of under defendant's said attachment, by the sheriff of said county or any other person, but came into the possession of said sheriff, while defendant's said attachment was in his hands, in manner following, to-wit:" that said prior attachments, described as before, were placed in the hands of said Kent as constable, and were by him levied on said goods; that said Kent, while holding possession under the

levy of said attachments, "placed said goods in the hands of said sheriff as his bailee; and that said sheriff, while so holding possession as bailee, returned defendant's said attachment as levied on them, for the purpose of holding thereunder any surplus that might remain after satisfying said attachments previously levied."

To these pleas the plaintiff demurred. assigning 14 grounds of demurrer to each, in substance as follows: (1, 2, 3.) Said plea is no sufficient answer to the complaint. (4.) It fails to show that the goods "did not belong to the plaintiff." (5, 6.) It fails to show that the property was not sold under the defendant's attachment. (7.) It fails to aver or show that the property did not belong to Langley & Brother. (8.) It shows that defendant's attachment was levied on the property, but does not show that it belonged to plaintiff. (9.) It shows that defendant's attachment was levied on the property, but fails to show that the property was not sold under said levy. (10.) It does not show that plaintiff was entitled to the immediate possession of the property at the time of the levy. (11.) It shows that he was not entitled to the immediate possession of the property. (12.) It fails to aver any connection between Langley & Brother and plaintiff in regard to the property. (13.) It shows that defendant's attachment was levied on the property, "but fails to show that the property was not lost to the plaintiff by the sale of said property by the sheriff under defendant's attachment." (14.) It "fails to show that the goods levied on were not lost to plaintiff by the sale of said goods by the sheriff under the attachment." The court sustained the demurrer to each of these pleas, and issue was joined on the others.

The overruling of the demurrers to the complaint, and the sustaining of the demurrers to these pleas, are the only matters assigned as error.

J. M. & E. M. OLIVER, for appellant, insisting on each of the assignments of error, cited 1 Chitty's Pleadings, 392; *Sheppard v. Furniss*, 19 Ala. 760; *Ragsdale v. Bowles*, 16 Ala. 62; *Harmon v. McRae*, 91 Ala. 409; *Ginsberg v. Pohl*, 35 Md. 505.

N. D. DENSON, and WATTS & SON, *contra.*—(1.) No demurrer to the complaint was interposed after the third count was struck out by amendment, and hence the overruling of the former demurrer is not revisable.—*Gaillard v. Duke*, 57 Ala. 619; *Voltz v. Voltz*, 75 Ala. 555. (2.) If the sufficiency of the

complaint can be considered, it can not be doubted; the first count being in trespass, and in the form prescribed by the Code, p. 791, No. 23; and the second, whether in trespass or case, showing a good cause of action. (3.) Each of the pleas was defective as a plea of justification.—*Harrison v. Davis*, 2 Stew. 350; *Burns v. Taylor*, 3 Porter, 187; *Daniel v. Hardwick*, 88 Ala. 557.   Even if the attachments had been set out, as necessary in a plea of justification, they did not authorize a levy on plaintiff's property, and such levy constituted plaintiff, the sheriff, and the constable each and all trespassers.—*Harmon v. McRae*, 91 Ala. 401; *Smith v. Gayle*, 58 Ala. 600.   (4.) The defendant had the full benefit of these defenses under the pleas on which issue was joined.

COLEMAN, J.—The record brings up for review only the rulings of the trial court upon the pleadings.   The complaint was amended by striking out the count in trover, leaving only the first and second counts of the complaint. The first count is in trespass, and in the usual form, as prescribed by the Code.   All assignments as cause for demurrer to this count, or to the complaint as a whole, were properly overruled.

There is some contention as to whether the second count is in case or trespass.   Trespass and case may be joined under section 2673 of the Code.   The averments of the second count show that the plaintiff was not in possession of the property, and did not have the right to the immediate possession when the levy complained of was made; but, whether in case or trespass, the demurrer to the second count raises the question as to its sufficiency to show a cause of action.   A creditor who causes an attachment to be wrongfully levied upon property is equally guilty of a trespass as the officer who makes the levy.   The second count does not affirm the fact that the prior attachments sued out against A. J. Langley & Brother, and which were levied upon the stock of goods, the subject of controversy, were wrongfully sued out, or wrongfully levied.   Applying the rule that the pleadings must be construed strictly against the pleader, we are of opinion that this count shows that, the sheriff being rightfully in possession of the stock of goods, by virtue of the prior levy at the suit of other creditors, the defendant sued out at his own instance an attachment against Langley & Brother, and wrongfully caused the same to be levied upon the goods in question, and had the goods sold under his attachment, to the damage of the plaintiff.   The goods being in *"gremio legis,"* and plaintiff

not being in actual possession, and not having the immediate right of possession according to the averments of his second count, he could not maintain trespass.—*Davis v. Young*, 20 Ala. 151; *Nelms v. Bondurant*, 26 Ala. 341; *Harmon v. McRae*, 91 Ala. 409.

Will case lie against one who causes an attachment to be wrongfully levied upon goods which are in *gremio legis*? The ownership of a defendant debtor of his chattels is not divested by the levy of an attachment—the levy only creates a lien upon the property in favor of the plaintiff.—Code, § 2957. The lien is dependent upon the judgment to be recovered, and when recovered it relates back to the levy. *Scarborough v. Malone*, 67 Ala. 572; *Cordeman v. Malone*, 63 Ala. 556. Any loss or damage sustained by the owner, the result of neglect or misconduct on the part of the sheriff, or the wrongful act of any other person, while the goods are rightfully in the possession and under the control of such sheriff as an officer of the court, may be recovered by the owner by an action on the case. Property claimed by a vendee of a defendant debtor, in some instances, may be rightfully levied upon at the suit of one creditor, and not subject to attachment at the suit of another person. When property of a defendant debtor is in the possession of the sheriff, by virtue of a levy of attachment or execution, and subsequent writs of attachment or execution are received by him against the same defendant, returnable to the same court, and *to which the property is liable*, a second levy by the sheriff, and indorsement thereof on the writ, subject to the prior levy, does not disturb or in any manner interfere with the *custodia legis* under the first levy. If the sheriff should undertake to displace or subordinate the prior lien secured by the first levy, he might render himself lable to the creditors holding the prior lien.—67 Ala., *supra*; 63 Ala., *supra*. This principle, however, is wholly unlike those in which, to prevent a conflict in the jurisdiction of different courts, it is held that property in *gremio legis* of one court can not be seized under process of another court, or where replevy or other bonds have been executed by the defendant in the suit, or by a stranger, by which the actual custody of the property is taken from the officer, and placed in the possession of the obligors, and held upon condition that the property be returned, &c. In cases of the latter character, the property can not be levied upon by attachment or executions against the original debtor or the claimant. The reasons are fully stated in the authorities cited. *Rives v. Welborne*, 6 Ala. 38; *Pond v. Griffin*, 1 Ala. 678;

[Joseph v. Henderson.]

*Cordaman v. Malone,* 63 Ala. 558; *Kemp v. Porter,* 7 Ala. 53; *Dollins v. Lindsey,* 89 Ala. 219; *Harmon v. McRae,* 91 Ala. 409.

We are of opinion that the second count, when construed as an entirety, is in case, and is sufficient. True, the first clause would indicate an intention on the part of the pleader to count in trespass; but the further averments show that the injury complained of, and which damaged him, was the wrongful levy and sale of the property caused by the defendant, under his attachment, while the property was rightfully in the possession of the sheriff under prior attachment. As we have seen, damages sustained under such circumstances, give a cause of action to recover which case will lie.

Section 2956 provides, in cases of attachment issued by justices of the peace, for an amount exceeding the jurisdiction of the justice, and not more than the amount of the penalty of the constable's bond, that the justice may, by indorsement on the process, "direct that it be executed by the constable of the precinct, who shall return the same to the court to which it is returnable." Section 2958 provides for the sale of the property levied upon by order of the court, and "the proceeds of the sale be retained by the sheriff," &c.; and under section 2959 the sheriff is authorized to sell property, under certain conditions, without an order of court. We are of opinion that the property levied upon by the constable was properly delivered by him to the sheriff, and that when so delivered, it was in his possession as sheriff, and not as a mere bailee to the constable. The statute does not expressly direct the constable to turn the property over in such cases to the sheriff, but a fair construction of the several statutes, and of the duties imposed upon the sheriff, and of the fact that the writ should be directed to the sheriff, leads to the conclusion that the authority of the constable in such cases ends when he delivers the property to the sheriff, and makes his return to the proper court.

It is unnecessary to adjudicate in detail all the questions raised by the assignment of errors. We at first thought, and so stated, that the case ought to be reversed; but after a more careful examination of the pleadings, we are satisfied that the conclusions of the trial court are free from error.

Affirmed.