(85 South. 582)

ROBERTSON v. HOOTON.   (7 Div. 607.)

(Court of Appeals of Alabama. Dec. 15, 1919.)

1. TROVER AND CONVERSION ☞32(2) — DESCRIPTION OF CONVERTED AUTOMOBILE HELD SUFFICIENT.

In action for conversion of automobile, description of automobile in complaint as "one automobile, * * * the property of the plaintiff," held sufficient.

2. APPEAL AND ERROR ☞680(2)—SUSTAINING DEMURRER TO PLEA NOT AVAILABLE ERROR IN ABSENCE OF DEMURRER IN RECORD.

Action of court sustaining demurrer to a plea will not be held erroneous on appeal in the absence of the demurrers in the record.

3. SHERIFFS AND CONSTABLES ☞137(2)— PLEA ALLEGING SALE OF GOODS UNDER EXECUTION HELD DEMURRABLE.

In action against sheriff for conversion of automobile, plea alleging the sale of the automobile pursuant to a levy of execution, without alleging that the automobile was subject to levy and sale under the execution, held demurrable.

4. APPEAL AND ERROR ☞237(2)—ADMISSION OF TESTIMONY NOT OBJECTED TO, NOT CONSIDERED IN ABSENCE OF MOTION TO STRIKE.

Admission of testimony will not be considered on appeal, where it was given without objection and where no motion was made to exclude it.

5. TROVER AND CONVERSION ☞37 — THAT PLAINTIFF HAD OBTAINED CONVERTED AUTOMOBILE IN LIEU OF A HORSE HELD ADMISSIBLE.

In action for conversion of automobile for which plaintiff had traded a horse on which he had previously held a mortgage, plaintiff's testimony that he had accepted the automobile in lieu of the horse held admissible.

6. TROVER AND CONVERSION ☞37—CONSIDERATION FOR MORTGAGE ON HORSE TRADED FOR CONVERTED AUTOMOBILE HELD ADMISSIBLE.

In action for conversion of automobile, for which plaintiff had traded a horse on which he had previously held a mortgage, where there was evidence tending to attack the genuineness of the mortgage, admission of testimony as to the consideration for the mortgage held not reversible error.

7. TRIAL ☞143—DIRECTION OF VERDICT ON CONFLICTING EVIDENCE ERROR.

Direction of verdict where evidence was very much in conflict would have been error.

8. TRIAL ☞260(1) — REFUSAL OF CHARGE COVERED NOT ERROR.

Refusal of requested charge covered by other charge given is not error.

Appeal from Circuit Court, Randolph County; S. L. Brewer, Judge.

Action by R. J. Hooton against W. O. Robertson in trover and trespass. Judgment for plaintiff, and defendant appeals. Affirmed.

The amended complaint is as follows:

(4) Plaintiff claims of the defendant the sum of $300 damages for the conversion by him of one automobile on or about the 21st day of October, 1915, the property of the plaintiff.

(5) Plaintiff claims of the defendant the sum of $300 damages for the wrongful taking by the defendant of one automobile on or about the 21st day of October, 1915, the property of the plaintiff.

(6) Plaintiff claims of the defendant the sum of $300 damages for this, to wit: Plaintiff avers that defendant, while acting as sheriff of Randolph county, did levy an execution in favor of Nichols Hawley Grocery Company upon one automobile, the property of the plaintiff, and did sell the same, whereby the said automobile was a total loss to plaintiff, to his damage as aforesaid.

The demurrers assert that the complaint fails to properly describe the property, that it does not appear that the plaintiff had any right to the automobile, and for aught that appears defendant had a right to levy upon said automobile.

Plea 4 sets up that Robertson was sheriff, and as such it was his duty to levy and collect execution placed in his hands; that an execution in favor of Nichols Hawley Grocery Company and against J. P. McGill and J. A. Yarbrough came into his hands; that it was necessary for him to levy the same on the property of J. A. Yarbrough; and that he did levy upon the automobile, and advertise and sell the same in strict conformity to the law in such cases made and provided.

Riddle & Riddle, of Talladega, for appellant.

The complaint was subject to the demurrer. Forms 23 and 24, page 1199, Code 1907. A mere right to charge property with the lien will not support the action. 132 Ala. 567, 31 South. 484; 124 Ala. 73, 27 South. 253. Counsel discuss other assignments of error, but without citation of authority.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

R. J. Hooton, of Roanoke, for appellee.

The complaint was sufficient. 49 Ala. 534; 51 Ala. 415. Counsel discusses other assignments of error, but without further citation of authority.

MERRITT, J. [1-5] This action was brought by the appellee against appellant, sheriff of Randolph county, for the wrongful taking of an automobile, which was alleged to be the property of the plaintiff, and which was levied on and sold by the defendant, under an execution in his hands as sheriff. The case went to trial on counts 4, 5, and 6, which were counts in trover and trespass. The demurrers to the amended complaint were properly overruled. The description of the property as one automobile was sufficient. Joseph v. Henderson, 95 Ala. 213, 10 South. 843. The plaintiff's testimony tended to show that he owned and had title to the automobile alleged to have been converted, and that he did not claim it by virtue of a mortgage or lien, and, if the jury believed his testimony, his title was sufficient upon which to predicate an action of this character. The trial court will not be put in error for sustaining plaintiff's demurrers to plea 4, for the demurrers are nowhere set out in the record, and the plea appears to be subject to demurrers in that it failed to allege that the property levied on was subject to levy and sale under the execution. If the question to the witness Hooton was objectionable, advantage cannot be taken thereof, because no motion was made to exclude the answer thereto, which was given without objection. The objection to the statement made by the plaintiff, "that I accepted it in lieu of the horse," was not subject to objection. Plaintiff's contention was that he had a mortgage on the horse and other property, and that he purchased of the mortgagor the horse, paid him for it, and authorized the mortgagor to trade the horse for the automobile, and hence the statement, in the light of plaintiff's other testimony and his contention, was admissible.

The witness Wood's knowledge of any trade that may have been made whereby Yarbrough traded a bay mare with his son for a Ford car and had traded the Ford for the Case car—the Case car being the one levied on—was based on hearsay, and for this reason, if for none other, was subject to objection.

The question to the witness Robertson, "you were indemnified by Nichols Hawley Company," was not subject to the general objection made thereto, and, if so, no motion was made to exclude the answer thereto.

[6] The trial court evidently thought that the genuineness of the mortgage given by Yarbrough et al. to the plaintiff, which embraced the bay horse, had been attacked, and some of the testimony did have this ten-dency; and for this reason, no doubt, permitted the plaintiff (mortgagee) to state as to the consideration for the same, and in so doing we cannot say reversible error was committed.

[7, 8] The trial court did not commit error in submitting the case to the jury and refusing to the defendant the general affirmative charge. The evidence was very much in conflict, and there would have been error to direct a verdict. Counsel for appellant argues that the court committed error in refusing to give written charge No. 3, when as a matter of fact the charge is marked, "Given, Brewer, Judge," and this charge being given and being the same as refused charge No. 2, the appellant has no cause for complaint.

Finding no reversible error, the case must be affirmed.

Affirmed.