# Ross v. Malone & Son.

*Trover.*

1. *Counsel fees, if recoverable in an action of trover, must be specially claimed.*—If it be conceded that counsel fees in an action of detinue to recover property converted by the defendant are allowable as damages in a subsequent action of trover for converting the same property, they cannot be recovered unless specially claimed in the complaint, since they are such damages as would not invariably ensue from the wrong complained of.

APPEAL from Pike Circuit Court.
Tried before Hon. JOHN P. HUBBARD.
Malone & Son sued C. E. Ross for the conversion of a bale of cotton. It was in evidence that a suit in detinue for the same bale of cotton was pending at the time this action was commenced, and that it had resulted in a judgment for Malone & Son, the plaintiffs in both suits, and the judgment in detinue had been satisfied. The bill of exceptions contains this statement: "The point reserved and so intended, in this case, is whether, under said trover suit, lost time in attending trial of detinue suit, and attorney's fees in the detinue suit are recoverable."

M. N. CARLISLE, for appellant, cited 2 Sedg. on Dam. 424;
*Ib.* 608; *Renfro v. Hughes*, 69 Ala. 581; *Ewing v. Blunt*, 20 Ala. 694; *Pollock v. Gantt*, 69 Ala. 373; *Donnell v. Jones*, 13 Ala. 490.

GARDNER & WILEY, for appellee.

McCLELLAN, J.—This action is prosecuted by Malone & Son against Ross. The complaint is in the language following: "The plaintiffs claim of the defendant sixty dollars damages for the conversion by him, on the — day of December, 1886, of the following chattels: One bale of cotton, the property of plaintiffs." The trial was had on the general issue. Against defendant's objection plaintiffs were allowed to prove as items of damage, counsel fees and other expenses incurred and paid by them in the prosecution of an action of detinue for the recovery of the cotton *in specie*,

[Bluthenthal & Bickart v. Magnus.]

which was pending when this suit was instituted, but had been determined in plaintiffs' favor before the trial of this cause. It is questionable whether these were proper items of damage in the abstract; but, in any event, they were not recoverable under this complaint. The bringing and prosecution of the suit in detinue was a natural consequence of defendant's conversion of plaintiffs' property, but manifestly, it was not a necessary result thereof: conceding that it was a thing which might naturally ensue, it certainly was not a thing which would in all cases ensue from the wrong complained of. These items therefore constitute special damages, if any, and before evidence of them can be received, the defendant must be advised of plaintiffs' claim in that regard by special averments in the complaint, general allegations of damages serving only to advise him that damages which are the necessary result of the wrong are claimed. *Ala. Gr. So. R. R. Co. v. Tapia,* 94 Ala. 226. s. c. 10 So. Rep. 236. There was no averment of a claim of these items of special damage in the complaint, and the evidence in question was not relevant to any issue in the case.

For the error in admitting it, the judgement must be reversed, and the cause remanded.

Reversed and remanded.