# Boggan v. Bennett.

*Action of Trespass.*

1. *Action for wrongful levy of attachment; evidence of special damages inadmissible unless claimed in complaint.*—In an action for the wrongful levy of an attachment on property that is exempt, evidence as to the value of attorney's fees paid in asserting the exemption, and as to the amount paid for hauling the goods back to plaintiff's house, is inadmissible, unless such special damages are claimed in the complaint.

2. *Same; paper in attachment admissible in mitigation of damages; oral proof of them inadmissible.*—In an action of trespass for entering plaintiff's house and carrying away property exempt from levy, papers in an attachment suit by defendant against plaintiff, together with evidence that the seizure was made under them, are admissible in mitigation of the trespass without a special plea of justification; but oral proof of such papers, without their production, is inadmissible.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. JAMES J. BANKS.

This was an action of trespass brought by the appellee, Nicholas Bennett, against the appellant, M. M. Boggan, to recover damages for the alleged wrongful and forcible entry of the dwelling house of the plaintiff, by defendant, and carrying away therefrom certain articles of wearing apparel, household furniture, &c., and for using rough

and abusive language in the presence of his family. The complaint claimed $1,000 damages.

Issue was joined upon the plea of the general issue. Upon the trial of the cause, the plaintiff's testimony tended to show that the defendant, in company with one Cosby, a deputy constable, went to the house of plaintiff, and, after demanding from the plaintiff's wife the amount of an account, which the defendant held against the plaintiff, which demand was refused, the defendant then said to Cosby, "Well, then, you will have to go ahead;" and that Cosby then told the plaintiff's wife that he had an attachment against her husband, and requested her to point out the goods that were hers, in order that he might levy upon the others which belonged to plaintiff; that he levied upon certain articles, which were taken in possession by him and carried to Birmingham; that subsequently they were claimed by the plaintiff as exempt to him, and were delivered to him. The plaintiff offered to prove by certain attorneys, the value of attorney's fees for the recovery under the claim of exemption of the property which had been levied upon. The defendant objected to this evidence, on the ground that the same was illegal, irrelevant and inconsistent, as there was no claim in plaintiff's complaint for attorney's fees. The court overruled the defendant's objection, and the defendant excepted. The plaintiff also offered to prove that he had paid two dollars for hauling the property to the plaintiff's house after it had been delivered to the plaintiff under his claim of exemptions. The defendant objected to this evidence on the ground that there was no claim for such special damages in the plaintiff's complaint. The objection was overruled, and the defendant excepted.

The defendant, M. M. Boggan, as a witness, testified that the plaintiff was indebted to him for groceries furnished his family. He offered to prove that he had sued out an attachment against the plaintiff before a justice of the peace to recover said indebtedness. The plaintiff objected to his making this proof, which objection was sustained by the court, and the defendant excepted. "The defendant then offered to show an affidavit and bond and writ of attachment that was sued out in a justice of the peace court by him against the said Nicholas Bennett for the recovery of said debt." To this the

plaintiff objected, the court sustained the objection, and the defendant duly excepted.

Upon the examination as a witness of one Cosby, the deputy constable who levied the attachment, and after he had testified that he had in his possession the writ of attachment sued out by the defendant against the plaintiff, the defendant offered to show that by virtue of that writ of attachment, he, Cosby, levied on the articles heretofore mentioned. The plaintiff objected to this evidence, which objection the court sustained, and the defendant duly excepted.

Upon the hearing of the cause, without the intervention of a jury, the court rendered judgment for the plaintiff, assessing his damages at $50. The defendant appeals, and assigns as error the rulings of the trial court on the evidence, to which exceptions were reserved, and the rendition of judgment in favor of the plaintiff.

Bush & Brown, for appellant.—There were no special damages claimed in the plaintiff's complaint for attorney's fees or for cost of hauling the goods back to the house of the plaintiff, and for this reason the evidence in reference to such matters should have been excluded.— A. G. S. R. R. Co. v. Tapia, 94 Ala. 226, 10 So. Rep. 236 ; Ross v. Malone, 97 Ala. 529, 12 So. Rep. 182. The evidence sought to be introduced by the defendant, that the property was taken possession of under the writ of attachment issued against the plaintiff should have been allowed; at least, in mitigation of damages.—Burns v. Campbell, 71 Ala. 271.

H. H. and W. K. Brown and J. K. Crews, contra.— The court did not err in overruling the defendant's objection to the testimony as to the value of attorney's fees, and the cost of hauling the goods back to the house of the plaintiff; and if there was error in such ruling, it was error without injury, and would not justify a reversal of the cause.—McGehee v. Lehman, 65 Ala. 316; Brewer v. Browne, 68 Ala. 210 ; Norwood v. M. &. C. R. R. Co., 72 Ala. 563 ; Frierson v. Frierson, 21 Ala. 549. The evidence as to the taking of possession of the property under the writ of attachment was properly excluded. The defendant had pleaded only the general issue, and had filed no plea of justification.— Womack v. Bird, 51

Ala. 504; *Petty v. Dill*, 53 Ala. 641; Code of 1886, § 2675; Stephens on Pleading, 195; 2 Greenl. on Ev., §§ 625, 629; 1 Chitty's Pleading, 536.

STONE, C. J.—The circuit court erred in receiving testimony of the value of attorney's fees paid or incurred in asserting Bennett's exemptions, and in allowing proof to be made of the expense of hauling the goods back home. These were in their nature special damages, and to authorize proof to be made of them, they should have been specially claimed in the complaint.—*Ala. Gr. So. R. R. Co. v. Tapia*, 94 Ala. 226; 10 So. Rep. 236; *Ross v. Malone*, 97 Ala. 529, 12 So. Rep. 182.

We cannot apply the doctrine of error without injury to this case, for the following, if for no other reason : Although there was testimony tending to show the goods were damaged to a greater amount than the plaintiff recovered, there was testimony, also, tending to show the damage was very slight. We can not know by what testimony the finding of the facts was controlled.

We hold, too, that if the papers in the attachment suit had been offered, they should have been received, together with testimony that the seizure was made under them. They were offered simply in mitigation of the trespass, and not in justification of the seizure. Offered for this purpose, it was neither necessary nor proper that a plea should have been interposed. Oral proof of them, without their production, was inadmissible.

Reversed and remanded.