# Pruett, *et al. v.* Williams.

*Action for Damages on Constables Bond.*

(Decided June 30, 1908. Rehearing denied July 3, 1908. 47 South. 318.)

1. *Sheriffs and Constables; Official Bond; Liability on; Pleading.*—A complaint for the breach of a constable's official bond in that he refused to deliver possession of the property taken in an action of detinue upon the tender to him by a defendant of a bond in double the value of the horse, need not set out the writ of detinue nor the bond tended and is not demurrable because showing on its face that the property was in the custody of the law.

2. *Pleading; Motion to Strike.*—Pleas which do not contain a single element of valid defense to the action are frivolous and irrelevant, and are properly stricken on motion, under section 3286, Code 1896 .

3. *Sheriffs and Constables; Failure to Deliver Possession of Property.*—Where a constable refuses or fails to deliver property taken by him under a writ of detinue, upon tender to him by the adverse

[Pruett, et al. v. Williams.]

party of a bond in double the amount of the property within five days, becomes a trespasses ab initio, and is liable for all damages naturally resulting from his misconduct.

4. *Same; Damages.*—In an action for the breach of a constable's bond for failure to deliver property seized by·him under a wrti of detinue upon tender to him by the adverse party within five days of a bond in double the value of the property, where the claim for special damages is laid upon the loss of possession and use of the property, the constable is liable only for the loss of possession and use of the property, and the damages should be based thereon, and not assessed as upon the value of the property.

5. *Same; Attorney's Fees.*—In an action on a constable's bond for failure to deliver property seized by him under a writ of detinue, upon a tender to him by the adverse party within five days, a bond in double the value of the property taken, attorney's fees of the adverse party constitute an element of damage as they are the natural consequence of the constable's breach of duty.

6. *Appeal and Error; Review; Scope.*—Where special damages are claimed for loss of time but are abandoned before the case went to the jury, all questions relative thereto raised during the trial were eliminated and are not presented for review on appeal.

APPEAL from Coosa Circuit Court.

Heard before Hon, S. L. BREWER.

Action by Joe Williams against F. M. Pruett and others, on Pruett's bond as constable. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

The complaint is as follows: "Plaintiff claims of defendants $200 damages, for that on, to wit, the 19th day of November, 1904, defendant F. M. Pruett, as principal, and defendants G. D. Gosden and D. M. White, as his sureties, executed and entered into the following bond or obligation, to wit, [Here follows a copy of the official bond of Pruett as constable, with the sureties as above set out. The bond is in the sum of $1,000, and conditioned as required by law. The bond was taken and approved and filed according to law.] And plaintiff avers that there has been a breach in the condition of said bond, in this: That on the 18th day of January, 1905, a writ of seizure in an action of détinue was issued by John A. Darden, ·a notary public and ex officio jus-

tice of the peace in and for said precinct No. 4, in said county and state, in favor of J. A. Penton and against A. J. Williams and plaintiff as defendants therein, for the recovery of one cow and calf and one horse, which said writ of seizure was executed on the 19th day of January, 1905, and said property, to wit, one horse, was taken into the possession of said Pruett, as constable of said precinct, and by him held under and by virtue of said writ and seizure; and on, to-wit, the 23rd day of January, 1903, while said Pruett held and had possession of said property under said writ of seizure, and acting under the color of his office in said matter, plaintiff tendered and presented to said Pruett, as such constable, a bond in double the value of said horse, as fixed by said Pruett, payable to J. A Penton, plaintiff in said writ, with good and sufficient sureties thereon, and conditioned that, if plaintiff [defendant in said detinue suit] is cast in said suit, he would deliver said horse to plaintiff therein, the said J. A. Penton, within 30 days thereafter, and pay all such costs and damages as may accrue from the detention thereof, and demanded from said Pruett the possession of said horse; and said Pruett then and there willfully, wrongfully, and unlawfully failed and refused to delived to plaintiff possession of said horse and withheld same from plaintiff, and plaintiff has thereby been unlawfully deprived of the possession and use of said horse, and has been forced thereby to employ an attorney and incur great expense, to-wit, $50 attorney's fee, and much loss of time, and great mental worry and trouble, to obtain possession of his said property, all to his damage, etc. Plaintiff alleges that there has been a further breach of the bond, in this: [Same as first breach alleged, with the additional allegation of loss of time of 10 days, worth $10 all on account of the wrongful acts of said constable.] Plaintiff

[Pruett, et al. v. Williams.]

avers that there has been a further and additional breach in the condition of the said bond above set out, in this: That on, to wit, the 23d day of January, 1905, a trial of said detinue suit was had in the justice court of precinct No. 4, in said county, before John A. Darden, notary public and ex officio justice of the peace as aforesaid, and a judgment rendered in favor of plaintiff in this suit, one of defendants in the detinue suit, for the possession of said horse, and adjudging that plaintiff in said suit had no right or title or right to recover said horse as against this plaintiff, and that thereafter plaintiff demanded of said Pruett, constable as aforesaid, the possession of said horse, and said Pruett unlawfully and wrongfully withheld same from plaintiff, and refused and failed to deliver same to plaintiff, as by law he was bound and it was his duty to do, and the same thereby was unlawfully withheld from plaintiff, and plaintiff has been deprived of the possession and use of his said horse, and has been forced to employ an attorney, etc. [Same damages as claimed in specification N. 1.]"

Demurrers were interposed, because the count fails to set out the writ of detinue referred to, or the substance thereof; because the bond that was tendered to said Pruett is not set out; said complaint shows on its face that the property was in the custody of the law at the time complained about in said complaint, and this plaintiff cannot maintain this suit; and various other grounds. A number of pleas were filed, but the only ones necessary to be here set out are as follows: "(4) The defendant F. M. Pruett, as such constable, did not consider said bond tendered him by the plaintiff as being executed by two good and sufficient sureties as required by law. (5) After the expiration of the five days allowed by law for defendants in said suit, A. F. and Joe

Williams, after the levy of said writ, to make and file with this defendant as such constable a good and sufficient replevy bond as required by law, the said A. J. and Joe Williams having failed for five days to execute said forthcoming bond, with good and sufficient sureties as required by law, the said Pruett, as such constable, did take and approve a good and sufficient bond from plaintiff in said detinue suit as required by law, and turned the said property over to said plaintiff. * * * (11) Said detinue suit referred to in said complaint had already been tried and disposed of, and final judgment rendered by said justice court in which the same was pending, and the said justice court had not ordered the defendant Pruett, as such constable, to deliver the property to said plaintiff. After the said judgment, and before the expiration of five days after judgment, but after five days had expired since the writ of seizure, the said J. A. Penton, plaintiff in said suit, and who had failed in same, filed an appeal bond with said justice of the peace before whom said cause was pending, and removed same to the circuit court, and the said Penton filed the forthcoming bond for such property, with good and sufficient surety as is required by the statute, and the property was turned over to said Penton. (12) There were two defendants to said detinue suit, and the effort to make bond and get possession of said horse was by the plaintiff alone, in exclusion of the other defendant."

A number of demurrers were filed to these pleas, not necessary to be here set out.

D. H. RIDDLE, for appellant. The court should have stricken the claim for attorney's fees.—*Ross v. Malone,* 97 Ala. 529; *Winkler v. Roller,* 8 Am. St. Rep. 158. Counsel discusses the demurrers to the complaint, but

without citation of authority. Counsel also discusses the striking of several of the pleas, but without citation of authority. It is insisted that the court erred in sustaining demurrer to plea 14.—*Cent. of Ga. Ry. Co. v. Freeman,* 140 Ala. 581. The bond was the bond only of those named in the obligation, to pay, although their names were signed to the condition of the bond.—*Harrison v. Simmons,* 55 Ala. 510; *Fite, et al. v. Kennemar,* 90 Ala. 470; 4 How. 225. If the instrument was completely executed by a number of parties, the signing of it by others vitiated it.—*Bellinger v. Anderson,* 87 Ala. 334; *Montgomery v. Crossthwaite,* 90 Ala. 553; *Brown v. Johnson,* 127 Ala. 292. Counsel discuss assignments of error as to evidence, but without citation of authority. The recoverable damages under the complaint, if any, are confirmed to the loss of possession and use and may not be based on the value of the property.—*Winkler v. Roller, supra.*

LACKEY & BRIDGES, for appellee. Under the facts in this case the defendant and his sureties were liable on his bond.—Section 3087, subd. 3, Code 1896. The defendant in detinue was entitled to replevy.—Sec. 1474, Code 1896. His failure to deliver the property rendered him a trespasser ab initio and liable on his official bond. —*Burgess v. Gay,* 59 Ala. 575; *Elrod v. Hamner,* 120 Ala. 463. Loss of time and expenses are proper elements of damage.—*Ross v. Malone,* 97 Ala. 529. The pleas were properly stricken.—*Couch v. Davidson,* 109 Ala. 313; Section 3286, Code 1896. A bailee of property may maintain an action in detinue for its possession.— *Noles v. Marable,* 50 Ala. 366; *Myer v. Hurst,* 75 Ala. 390.

DOWDELL, J.—This is an action brought by the appellee against the appellant and the sureties on his official bond as constable. The complaint sets forth the bond and alleges in what the breach consisted. There are three assignments of breaches, in each of which the particular facts constituting the breach are definitely stated, and with appropriate averments showing that the acts complained of were committed under color of office. Besides, the general claim for damages, special damages are averred and claimed. Demurrer was interposed to the complaint, but it was unobjectionable for any of the grounds specified. The demurrer being overruled, the defendants thereupon filed 14 pleas. On motion of the plaintiff pleas 2, 3. 6, 7, 8, 9, and 10 were stricken. Neither of these pleas contained a single element of a valid defense to the action, and were therefore properly stricken on motion as being irrelevant and frivolous. Code 1896, § 3286; *Couch v. Davidson,* 109 Ala. 313, 19 South. 507.

Pleas 4, 5, 11, and 12 were bad for the reasons pointed out in the demurrers to these pleas, and the demurrers were therefore properly sustained. This case falls directly within the influence of the decision of the case of *Gay v. Burgess,* 59 Ala. 575, followed in the case of *Elrod v. Hamner,* 120 Ala. 463, 24 South. 882, 74 Am. St. Rep. 43. The failure and refusal of the officer to delived the property on the execution and tender of the bond to him within the five days, an imperative duty imposed on him by the statute, and his delivery of it to another person, made him a trespasser ab inito, and liable for all damages naturally resulting from such misconduct.

Special damages are claimed for counsel fees paid by the plaintiff in a suit brought by him for the purpose of recovering his property, which the defendant had

wrongfully withheld and· delivered into the possession
of another. Such damages were recoverable, being the
natural consequence of the defendant's wrong and
breach of official duty.—*Ross v. Malone,* 97 Ala. 529,
12 South. 182; Field on Damages, p. 591, § 732; Id. p.
663, § 833.

The question of damages for loss of time claimed in
the complaint need not be considered, since no evidence
was offered along this line. The abandonment of this
claim by the plaintiff eliminated all questions raised
during the trial relative thereto.

The complaint avers, as an element of special dama·
ges claimed, loss of the possession and use of the horse
in question. We think this claim, when taken in con-
nection with the claim for attorney's fees incurred in
prosecuting a detinue suit for the recovery of the horse,
can mean nothing more than damages for the use of
the horse during the time the plaintiff was deprived of
the possession, and not for the value of the horse. Un-
der the rulings of the trial court the jury were left to
assess the damages according to the value of the horse,
as though the special claim had been for the loss of the
horse, instead of for the use during the time of deten-
tion. In this respect the trial court was in error, and for
this error the judgment is reversed, and the cause re-
manded.

Reversed and remanded. All of the Justices concur.