[Hooper v. Dorsey.]

# Hooper *v.* Dorsey.

## *Trover.*

(Decided May 7, 1912. 58 South. 951.)

1. *Trover and Conversion; Property; Description.*—In trover, a description of property as twenty-one dogs, the property of the plaintiff, was sufficient.

2. *Evidence; Opinion; Value.*—Where the action was trover for the conversion of certain dogs, and a witness testified that he had knowledge of the value of that kind of dog, from actual sales made, he was qualified to testify as to their value, although he was without special experience or training entitling him to testify as an expert.

3. *Same; Hearsay.*—A question as to whether a witness had ever heard of either one of the dogs named as belonging to the plaintiff, called for hearsay evidence if answered in the affirmative, and was immaterial, if answered in the negative.

4. *Same; Impeachment.*—Where the action was trover by the wife, for the conversion of certain dogs alleged to belong to her, evidence as to what the husband testified to on the question of the ownership of the dogs in a trial had between him and another party, was immaterial, except as in impeachment of the husband's testimony after proper predicate laid.

5. *Appeal and Error; Evidence; Objection.*—Where it is not made to appear from the bill of exceptions that the objection was interposed before the witness answered the question, an objection to such evidence cannot be reviewed on appeal.

6. *Damages; Instructions.*—Where an instruction was expressed in such language as to be calculated to mislead the jury to the conclusion that in assessing damages, they were not to be governed by the evidence as to the value of the property in controversy, it was properly refused as misleading.

7. *Charge of Court; Covered by Those Given.*—It is not error to refuse instructions substantially covered by written instructions given.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by Bertha B. Dorsey against A. R. Hooper. Judgment for plaintiff, and defendant appeals. Affirmed.

[Hooper v. Dorsey.]

It seems from the record that A. R. Hooper had judgment against J. L. Dorsey, and on execution issued thereon levied upon 21 dogs alleged to be the property of said J. L. Dorsey. The dogs were sold, and Bertha B. Dorsey brings this action to recover for the same, claiming that the dogs were her property, and not that of J. L. Dorsey.

W. C. RAYBURN, D. ISBELL, and KENNAMER & KILCREASE, for appellant. The complaint did not sufficiently describe the property. The witness Curry was not shown to be an expert on the value of well trained fox hounds, and was therefore, not competent to testify as to their value.—*A. G. S. v. Moody*, 92 Ala. 279; *Waler v. The State*, 58 Ala. 393; 13 Enc. of Evid. 427. The court erred in not permitting the witness Jordan to answer as to what he had heard touching the ownership of the dogs. The other assignments of error were ininsisted upon in argument but without citation of authority.

JOHN A. LUSK & SON, for appellee. A dog is a species of property, an action will lie for an injury to.—3 Mayfield Dig., p. 91 § 2; 37 Ala. 480; 37 Ala. 430. There is in trespass no distinction between dogs and any other kind of property.—37 Ala. 430; See fully 67 Am. St. Rep., page 291 and notes. If the taking be accompanied by circumstances of aggravation smart money may be recovered.—27 Ala. 480. That trespass will lie against a plaintiff in execution for having the property of a third person (other than the execution defendant) levied upon.—See 4 Mayfield Dig., page 958 § 122. Sureties on bond of indemnity are liable.—*Sparkman v. Swift*, 81 Ala. 233. All who aid, abet or encourage the sheriff in an act of trespass on the property of a third person are liable to be sued.—*Vandiver v. Pollack*, 107 Ala. 550.

[Hooper v. Dorsey.]

WALKER, P. J.—The complaint contained counts in trespass and in trover. The subject of the alleged wrongs was described as "twenty-one dogs" the property of the plaintiff. The first count further referred to the property as in the possession of the plaintiff. The nature of the action did not call for a more specific or detailed description. In such an action no such fullness of description is necessary as is required in an action seeking a recovery of specific chattels. In the latter kind of action the thing sought to be recovered must be so described that an intelligible and enforceable judgment for it may be rendered. In an action like the present one, claiming damages for a trespass or a conversion, a much less specific description will suffice, and it is enough to allege the nature or kind of chattels referred to and the quantity or number of them.—*Moody v. Keener*, 7 Port. 218; *Joseph v. Henderson*, 95 Ala. 213, 10 South. 843; 38 Cyc. 1080, 2067. The complaint was not subject to demurrer on the ground of the insufficiency of the description of the subject of the alleged wrongs.

It appeared from the testimony of the witness Curry that he had such knowledge of the value of the kind of dogs about which he was questioned, gained from actual sales made of which he was cognizant, as to qualify him to testify as to their value. As to such matters it is not required that the witness be shown to have had special experience or training entitling him to be called an expert.—*Alabama Great Southern R. Co. v. Moody*, 92 Ala. 279, 9 South. 238; Jones on Evidence, § 363. The court was not in error in overruling the defendant's objection to the question asked that witness as to the value of "a grown well-trained fox hound."

As to the ruling of the court on an objection made by the defendant to the question asked the witness Jack Jordan on his cross-examination, it is enough to say

that it is not made to appear by the bill of exceptions that any objection was interposed to the question until after the witness had answered it.

The court properly sustained the plaintiff's objection to the question asked the last-named witness, "If he ever heard of either one of the dogs named belonging to the plaintiff, Mrs. Dorsey?" The question was calculated to elicit either mere hearsay testimony or the wholly immaterial and irrelevant circumstance that the witness had failed to hear of either of the dogs belonging to the plaintiff.

It is not perceived how evidence as to what Dr. Dorsey, who was a witness for the plaintiff, swore, as to the ownership of a dog, in the trial of a lawsuit between him and the witness Bullard, could have been admissible except for the purpose of impeaching his testimony in the present case, and it was not made admissible for that purpose by laying the proper predicate in the course of his examination as a witness.

The appellants have nothing to complain of in the admission of evidence of the price at which they sold one of the dogs with the conversion of which they were charged.—*Ladd et al. v. Ladd et al.,* 121 Ala. 583, 25 South. 627.

It was sufficient to justify the court in refusing to give written charge 1 requested by the defendant that it was so expressed as to be calculated to mislead the jury to the conclusion that in assessing damages they were not to be governed by the evidence as to the value of the property in question.

The apellants could not have been prejudiced by the refusal of the court to give written charge 2 requested by them, as the proposition embodied in that charge was covered by another written charge given at their instance.

[Higdon v. Garrett.]

Under familiar rules governing the review of the action of a trial court on a motion for a new trial, it cannot be said that it is made to appear that the overruling of such motion in this case was so clearly wrong as to justify a reversal because of that ruling.

Affirmed.