# Swope *v.* Sherman.

## *Attachment.*

(Decided November 26, 1912. 60 South. 474.)

1. *Judgment; Effect; Non Jury Term.*—A judgment by default rendered at a regular non jury term of Colbert county circuit court by the judge after hearing the plaintiff's evidence must be accorded the same effect and weight as the verdict of the jury, under Acts 1894-5, p. 763.

2. *Appeal and Error; Record; Questions Presented.*—Where there is no bill of exceptions and nothing to show what evidence the court based its ruling upon, the only question presented for review on appeal, was whether or not the complaint stated a substantial cause of action. (Section 4143, Code 1907.)

3. *Same; Objection Below.*—An objection that the judgment exceeded the amount claimed is not reviewable on appeal when not made in the court below.

4. *Pleading; Aided by Judgment; Complaint.*—After a default judgment on personal service, a complaint alleging a substantial cause of action is not assailable because it alleges items of damages not recoverable; the duty being on defendant to have appeared and objected.

[Swope v. Sherman.]

5. *Trover and Conversion; Complaint.*—A complaint claiming $300.00 as damages for that a defendant feloniously took and carried away personal property of plaintiff to the amount of $500.00, and failed and refused to return the same or any part thereof, states a substantial cause of action.

APPEAL from Colbert Circuit Court.

Heard before Hon. C. P. ALMON.

Attachment by S. N. Sherman against John Swope for the recovery of certain property alleged to have been taken. Judgment for plaintiff by default on writ of inquiry and defendant appeals. Affirmed.

JAMES B. BRANCH, and Jackson & DELONAY, for appellant. The counsel fees and court costs incurred in another litigation are not recoverable in this action.— 13 Cyc. 170; 4 Pac. 994; 13 Barb. 663; Hale on Damages, p. 87, note 194. The complaint did not state a substantial cause of action.—Code 5321; 13 Cyc. 173-4. The measure of damages is the value of the property.— 13 Cyc. 170; *Renfroe v. Hughes,* 69 Ala. 581. The judgment should show the manner in which the assessment of damages was made.—*Radcliffe v. Erwin,* Minor 886 23 Cyc. 766.

JOHN H. PEACH, for appellee. The case was heard at a regular non jury term and the judgment must be given the same weight as the verdict of the jury.—Acts 1894-5, p. 763. The complaint stated a substantial cause of action, and as nothing was objected to below the only question that can be presented is whether or not the complaint stated such cause of action.—Section 4143; *Lloyd v. Oates,* 143 Ala. 231. The judgment need not set out the method pursued in ascertaining the amount of damages.—Secs. 5359, and 5360, Code 1907; *Green v. The State,* 73 Ala. 26; *A. & G. L. Co. v. Tisdale,* 139 Ala. 250; *Chandler v. Crossland,* 126 Ala. 176.

PELHAM, J.—Suit was originally commenced by the appellee in attachment proceedings against the appellant. The affidavit alleges that one Swope was justly indebted to affiant (Sherman) after allowing all offsets and discounts in the sum of $300. The complaint claimed the sum of $300 and alleged that the defendant feloniously took and carried away $500, the personal property of the plaintiff; that through the assistance of officers of the law and by means of a search warrant the plaintiff secured $242 of the said amount; and that the plaintiff was forced to expend certain amounts for attorney's fees, courts costs, etc., in recovering this $242.

Judgment by default was rendered by the court against the defendant for $298 after hearing the evidence introduced by the plaintiff, at a regular nonjury term of the circuit court of Colbert county under the provisions of the practice act relating to the practice and procedure in that court.—Acts 1894-95, p. 763. The judgment of the court thus rendered stands as the verdict of a jury, and must be accorded the same weight and effect.—*Winter-Loeb Grocery Co. v. Mutual Warehouse Co.*, 4 Ala. App. 431, 58 South. 807, and authorities there cited.

The complaint claims damages in the sum of $300, the judgment is for $298, there is no bill of exceptions, and nothing to show upon what evidence the court based its findings. The only question presented by the record is whether the complaint states a substantial cause of action that will support the judgment of the court.—Code, § 4143.

The record shows that personal service was had upon the defendant, and that he suffered judgment to be rendered against him by default. It may be that the complaint contains allegations claiming items of damage that were not recoverable and was subject to motion to

[Jebeles & Colias Confectionery Co. v. O'Byrne.]

exclude these items or other proper and seasonable objections; but, no objection having been made to the defects in the court below, the complaint is not assailable after judgment and on appeal for such defects when it states a substantial cause of action.—*Kyle v. Caravello,* 103 Ala. 150, 15 South. 527; *Home Protection of N. A. v. Caldwell Bros.,* 85 Ala. 607, 5 South. 338.

The complaint clearly states a cause of action against the defendant in that it claims "$300 as damages for that on, to-wit, the 30th day of December, 1910, the defendant feloniously took and carried away $500, the personal property of the plaintiff, and failed and refused to return the said amount or any part thereof," etc.

The judgment does not, as contended by appellant, exceed the amount claimed, and, even if it did, the objection, to be available, must have been made in the court below.—*Smith v. Dick,* 95 Ala. 311, 10 South. 845; *Govt. St. R. R. Co. v. Hanlon,* 53 Ala. 70; *Drake v. Johnston,* 50 Ala. 1.

The judgment of the circuit court will be affirmed.
Affirmed.