# Howton *v.* Mathias.

### Trover.

#### (Decided November 16, 1916.   73 South. 92.)

1. **Trover and Conversion; Description of Property; Complaint.**—In actions for damages for conversion a much less specific description of the property will suffice than where the action is for the recovery of specific chattels, and it is sufficient to allege the nature and kind of chattels referred to and the quantity and the number converted.

2. **Joint Tenancy; Conversion; Co-Owner.**—The sale, destruction or other disposition by one co-owner of things owned jointly or in common is a conversion for which trover may be maintained by the other co-owner.

3. **Trover and Conversion; Description; Money.**—Where the complaint sought to recover money alleged to have been converted, the description of same as money obtained by defendant for the sale of, to-wit, plaintiff's three-quarter's interest in, to-wit, 15 bales of cotton, sufficiently describes the money alleged to have been converted.

4. **Tenancy in Common; Conversion; Elements.**—A refusal by one co-tenant to pay to another his part of the proceeds of the sale of the joint property was a conversion of the proceeds to the extent of the co-owner's interest.

5. **Trover and Conversion; Time.**—A complaint alleging under a videlicit that the conversion occurred in three named years, which were within the period of limitation, and before the commencement of the suit, was sufficient.

6. **Same; Damages.**—Where the conversion was accompanied by insult or malice, exemplary damages may be recovered in an action of trover, as well as in action of trespass.

7. **Same; Damages; Measure.**—Ordinarily the measure of damages in trover is the fair market value of the property converted at the time of the conversion, but the value may be fixed at the highest price between the conversion and the trial.

8. **Same; Action.**—The gist of the action of trover is the conversion, and any wrong in the taking of the property is waived by bringing that form of action.

9. **Appeal and Error; Harmless Error; Instruction.**—The giving of a charge which might have been well refused as argumentative and misleading, does not require a reversal.

10. **Same.**—The giving of an abstract charge is not necessarily prejudicial error.

11. **Action; Assumpsit.**—Assumpsit may be maintained for money received by one co-owner from the sale of the interest of another co-owner in the common property, although such sale amounted to a conversion.

12. **Appeal and Error; Assignment; Waiver.**—The appellate court will not consider assignments of error not elaborated or insisted upon in brief or oral argument.

13. **Same; Review; Presumption.**—Where a plea of set off was filed on the day on which a new count was added to the complaint by way of amendment, and the judgment entry recites that on the following day issue was joined, it will be assumed that the issue so joined was on the amended complaint, and the record thus shows in connection with the several pleas that the pleas were interposed to the new count.

14. **Charge of Court; Applicability to Pleading.**—A charge which merely states that on the facts therein enumerated, the jury must find that defendant converted the property, but does not predicate a verdict for plaintiff on those facts, is not erroneous as taking from the jury the determination of the effect of defendant's plea of set off.

15. **New Trial; Review.**—The refusal of the trial court to set aside a verdict as being contrary to the evidence will not be disturbed unless after allowing all reasonable presumptions as to the correctness of the refusal, the preponderance of the evidence against the verdict is so decided as to convince the court that it is wrong and unjust.

16. **Appeal and Error; Harmless Error; Instruction.**—The giving of a charge that "even though" defendant had a lien on the property converted, he could not seize and sell it without due process of law, does not require a reversal of the judgment, notwithstanding the charge might have been refused for the reason that the use of the expression "even though" carried an intimation of the court's opinion on the fact.

17. **Liens; Enforcement; Seizure.**—A lien-holder cannot rightfully seize and sell the property subject to the lien, against the will of the owner, without due process of law, but must enforce his lien, if at all, under §§ 4734 and 4747, Code 1907.

APPEAL from Birmingham City Court.

Heard before Hon. JOHN C. PUGH.

[Howton v. Mathias.]

Trover and assumpsit by Henry Mathias against J. H. Howton. Judgment for plaintiff and defendant appeals. Affirmed.

Transferred from Court of Appeals.

Count A is as follows:

Plaintiff claims of defendant $2,000 as damages for the conversion by defendant during, to wit, the years 1911, 1912, and 1913 of the following chattels: One bay mule named Mollie, one wagon, three milch cows, five yearlings, 50 bushels of corn, 600 bundles of fodder, and the money obtained by defendant for the sale of, to wit, plaintiff's three-quarter interest in 15 bales of cotton, the property of plaintiff. Plaintiff further avers that said conversion was accompanied by acts of insult; wherefore he also claims punitive damages.

The facts sufficiently appear. The following is charge 3: If you believe that defendant converted to his own use some cattle and corn, the property of plaintiff, and if you further believe that said conversion was accompanied by acts of insult, then you would be authorized in your discretion to impose upon defendant exemplary damages, that is, damages to punish defendant.

(2) I charge you that, even though defendant did purchase the note or notes that plaintiff gave to a third party in payment for some of plaintiff's cattle, such fact would not of itself give defendant any lien on said cattle.

(6) If you believe from the evidence in this case, and unless you believe from the evidence, that plaintiff agreed that his cattle and his corn could be kept by defendant, and the value applied to a debt which plaintiff owed defendant, then you must find a verdict for plaintiff.

The following charges were refused to defendant: (11) General charge for defendant.

(17) The court charges the jury that there can be no recovery for exemplary or punitive damages under the evidence in this case.

ESTES, JONES & WELCH, for appellant. HUGH LESTER, for appellee.

THOMAS, J.—The trial was had on the common counts and a count in trover. There was a judgment for the plaintiff.

Plaintiff's version of his relation with the defendant was that during the years 1911, 1912, and 1913 he lived on defendant's

"Cook Place;" that he bought of defendant a mule and a wagon and harness for $212.50, and worked defendant's land on shares; that is, plaintiff furnished his own team and cultivated the land, and defendant was to receive one-third of the cotton and one-fourth of the corn raised by plaintiff on the place. Defendant testified that during the year 1911 plaintiff worked defendant's place on halves, and in 1912 and 1913 was under contract to pay defendant one-third of the corn and one-fourth of the cotton as rent.

(1) In an action claiming damages for conversion, a much less specific description will suffice than where the action is for the recovery of specific chattels. In the former it is enough to allege the nature and kind of chattel referred to and the quantity or number converted.—*Moody v. Keener,* 7 Port. 218; *Joseph v. Henderson,* 95 Ala. 213, 10 South. 843; *Hooper v. Dorsey,* 5 Ala. App. 463, 58 South. 951; *Beaumont v. Yantz,* 1 Ill. 26; *Richardson v. Brewer,* 81 Ind. 107; 38 Cyc. 1079, 2067 (4). For analogous rule in trespass, see *Syson Timber Co. v. Dickens,* 146 Ala. 471, 40 South. 753; *W. U. Tel. Co. v. Dickens,* 148 Ala. 480, 41 South. 469; *B. L. & I. Co. v. Jenkins,* 111 Ala. 135, 18 South. 565, 56 Am. St. Rep. 26; *Jean v. Sandiford,* 39 Ala. 317; 2 Chitty on Pl. 609; 31 Ency. Pl. 1077. In the instant case the description of the wagon, three milch cows, five yearlings, and the corn and fodder was as specific as their nature would permit.—*Bowen v. Hamilton, infra,* 73 South. 5; *Hooper v. Dorsey, supra.*

(2) The sale, destruction, or other disposition of things held in common by one joint tenant, or tenant in common, so as to exclude the right of the other, is a conversion for which trover may be maintained by his co-owner.—*Perminter v. Kelly,* 18 Ala. 716, 54 Am. Dec. 177; *Smyth v. Tankersley,* 20 Ala. 212, 56 Am. Dec. 193; *Allen v. Harper,* 26 Ala. 686; *Williamson v. Nolen,* 34 Ala. 167; *Russell v. Russell,* 62 Ala. 48; *Sullivan v. Lawler,* 72 Ala. 74; *Steiner Bros. & Co. v. Tranum,* 98 Ala. 315, 13 South. 365; *Moore v. Walker,* 124 Ala. 199, 202, 26 South. 984; 2 Cooley on Torts (3d Ed.) (533), 875.

(3) Count A was not demurrable for insufficient description of the money alleged to have been converted. The description was as accurate as was practicable to make it, viz.: "The money obtained by defendant for the sale of, to wit, plaintiff's three-quarters interest in, to wit, 15 bales of cotton."—38 Cyc. 2015, 2023 (13); 21 Enc. Pl. & Pr. 1021; 28 Am. & Eng. Ency. Law (2d

[Howton v. Mathias.]

Ed.) 652; *Moody v. Keener, supra; Hunnicutt v. Higginbotham,* 138 Ala. 472, 35 South. 469, 100 Am. St. Rep. 45; *Swope v. Sherman,* 7 Ala. App. 210, 60 South. 474.

(4) The refusal to pay over to plaintiff his part of the proceeds of the sale of the joint property was, to the extent of his interest, a conversion of the proceeds.—*Johnson v. McFry,* 13 Ala. App. 619, 68 South. 718; *Lummus Cotton Gin Co. v. Walker,* 195 Ala. 552, 70 South. 754; *Taylor v. Dwyer,* 129 Ala. 325, 29 South. 692; *Dixie F. Co. v. Teasley,* 14 Ala. App. 283, 69 South. 988.

(5) The allegation of the count as to the time of conversion was under a videlicet (*Blair v. Riddle,* 3 Ala. App. 292, 57 South. 382; *Kilgore & Son v. Shannon & Co.,* 6 Ala. App. 537, 60 South. 520; *Williams v. McKissack,* 125 Ala. 544, 27 South. 922), and sufficiently showed that the conversion was at some time prior to the commencement of the suit and within the statutory limitation in which the action can be brought (*Corona Coal & Iron Co. v. Bryan,* 171 Ala. 86, 54 South. 522, Ann. Cas. 1913A, 878). The just rule of the *Bryan Case* that every suit for conversion must depend upon its own particular facts as to how definite and certain the averment of time of the conversion can be made, and that the pleading in each case is required to allege the time as nearly as practicable, in order to correspond with the proof and not to lead to variance, is supported by the earlier decisions.—*Russell v. Russell, supra.*

The authority relied on by appellant's counsel involved the conversion of cotton grown during a given year, and the only averment as to the time of conversion was that contained in the expression "after the same was grown and raised * * * converted the same to his own use." From such averment it could not be said that the conversion was prior to the commencement of the suit, and the demurrer to the complaint was properly sustained in *Tallassee Falls Mfg. Co. v. First National Bank,* 159 Ala. 315, 49 South. 246.

What we have said of laying the time under a videlicet in no wise conflicts with *U. S. H. & A. Ins. Co. v. Savage,* 185 Ala. 235, 64 South. 340, and *B. R., L. & P. Co. v. Lide,* 177 Ala. 400, 58 South. 990. In the *Savage Case* the question decided was the materiality of the allegation as to the term of the life insurance policy that was sued on, as it might present a variance in the proof. In the *Lide Case* the variance on which the ruling was

invoked was as to the locus of the injury, and it was held that under the facts of that case it was immaterial whether it occurred while plaintiff was alighting at Fourteenth street or Twenty-Fourth street, while traveling on defendant's car along Eleventh avenue, in Birmingham. The material fact was the negligence of the defendant on the occasion when the plaintiff was injured. Thus the *Lide Case* is an authority for the conclusion we have here reached.

The material fact in the case at bar was the conversion prior to the commencement of the suit and within the statutory limitation of plaintiff's property for which the action was brought. It will be observed that the actions in the *Blair, Kilgore,* and *Williams Cases, supra,* were in trover. In the *Williams Case* the holding was that the amendment of the complaint by the addition of a new count which introduced no new matter or cause of action, but merely varied the averment of the original complaint as to the time of the alleged conversion, related back to the time of the institution of the suit, and that the statute of limitations ran against the amended complaint only as to that time. The time was averred positively in the two counts, respectively, as being February 17, 1893, and December 23, 1892; and it was held that the plaintiff was bound to prove the time as alleged with certainty in one of the counts, and presented a variance as to the count not so proven.

(6) Count A claims damages for the conversion of the specified items of personal property, and it further avers "that said conversion was accompanied by acts of insults; wherefore he also claims punitive damages." We are not furnished with a case in this state where punitive damages were claimed or allowed in a suit in trover.

(7) Ordinarily the measure of damages in an action of trover is the fair market value of the property at and from the time of the conversion to the time of the trial; but if the evidence shows fluctuation in value after the conversion, the value may be fixed at the highest price between the conversion and the trial.—*Jones v. White,* 189 Ala. 622, 66 South. 605; *Torrey v. Burney,* 113 Ala. 496, 21 South. 348. "Under certain conditions he may recover more than that amount."—*Boutwell v. Parker,* 124 Ala. 341, 27 South. 309; *Linam v. Reeves,* 68 Ala. 89; *Ross v. Malone,* 97 Ala. 529, 12 South. 182; *A. G. S. R. R. Co. v. Tapia,* 94 Ala. 226, 10 South. 236; *Pruett v. Williams,* 156 Ala. 346, 353, 47 South. 318;

[Howton v. Mathias.]

*Boggan v. Bennett,* 102 Ala. 400, 14 South. 742; *Massey v. Fain,* 1 Ala. App. 424, 55 South. 936; Field on Damages, §§ 796, 797.

It has long been the rule that the jury may award such damages for aggravation in trespass cases.—*Ex parte Birmingham Realty Company,* 183 Ala. 444, 63 South. 67; *Rhodes v. McWilson,* 192 Ala. 685, 69 South. 69; *Wilkinson v. Searcy,* 76 Ala. 176. In the last-cited case this court, speaking through Chief Justice STONE, laid down the rule generally as to when exemplary damages may be awarded. The suit was for trespass, and the rule was there elucidated as follows: "To authorize punitive, exemplary, or vindictive damages (different names for the same thing), there must be 'gross negligence within the strictest signification of the phrase, which must be construed to mean such entire want of care as to raise a presumption that the person in fault is conscious of the probable consequences of his carelessness, and is indifferent, or worse, to the danger of injury to the persons or property of others,' or that the act complained of 'was done willfully [in its strong sense], or was the result of that reckless indifference to the rights of others which is equivalent to an intentional violation of them,' or 'where the injury has been wanton, or malicious, or gross,' or 'where fraud, malice, or oppression appears,' or, we may add, where the taking is accompanied with violence, or insulting or contemptuous language or demeanor."

This case has been reaffirmed on this point.—*Cook v. Southern Railway Co.,* 153 Ala. 118, 45 South. 156; *Johnson v. Collier,* 161 Ala. 204, 49 South. 761; *Alley v. Daniel,* 75 Ala. 403.

(8) There is a material distinction between trespass and trover. In 1 Chitty on Pleading (14th Am. Ed.) p. 146, it is said: "The action of trover or conversion was, in its origin, an action of trespass on the case for recovery of damages against a person who had found goods and refused to deliver them on demand to the owner, but converted them to his own use, from which word 'finding' the remedy is called an action of trover. By a fiction of law actions of trover were at length permitted to be brought against any person who had in his possession, by any means whatever, the personal property of another, and sold or used the same without the consent of the owner, or refused to deliver the same when demanded. The injury lies in the conversion and deprivation of the plaintiff's property, which is the gist of the action, and the statement of the finding or trover is now

immaterial, and not traversable; and the fact of conversion does not necessarily import an acquisition of property in the defendant. It is an action for the recovery of damages to the extent of the value of the thing converted. The object and result of the suit is not the recovery of the thing itself, which can only be recovered by an action of detinue or replevin. Lord Mansfield thus defined this action: In form it (i. e., the trover) is a fiction. In substance, it is a remedy to recover the value of the personal chattels wrongfully converted by another to his own use. The form supposes that the defendant might come lawfully by it, and, if he did not, yet by bringing this action the plaintiff waives the trespass. No damages are recoverable for the act of taking. All must be for the act of converting."

The distinction between the two actions is pointed out in *Mecklin v. Deming,* 111 Ala. 159, 20 South. 507; *Dartmouth College v. International Paper Co.* (C. C.) 132 Fed. 92, 95; *Cooper v. Chitty,* Burr. 3; Burroughs, 5 H. & N. 296, 309; 2 Cooley on Torts (3d Ed.) § 847; Field on Damages, § 791.

In the note to 2 Cooley's Torts, (535), 878, it is confessed that: "The rule of damages has always been more or less unsettled. * * * In most cases where the circumstances are not such as to warrant exemplary damages, a just indemnity will consist in the value of the property at the time of the conversion, with interest thereon to the time of the trial."

In the editor's notes to the sixteenth American edition of Chitty's Pleading (vol. 1, p. 180 [Y]), it is said: "Special damages may be recovered if laid in the declaration.—*Davis v. Oswell,* 7 C. & P. 804, 2 Greenl. Ev. § 649; *Badley v. Reynolds,* 10 Jur. 310."

Mr. Jaggard (Torts, p. 743) thinks that, where the injury has been inflicted wantonly and maliciously, the jury are at liberty to give, and it is proper for them to give, damages beyond the mere compensation for the loss or injury, and "exemplary or vindictive in proportion to the degree of malice or wantonness evidenced by the act of the defendant.—*Wilde v. Hexter,* 50 Barb. (N. Y.) 448; *Miller v. Kelley,* 69 Pa. 403; *Mowry v. Wood,* 12 Wis. 413; *Allaback v. Utt,* 51 N. Y. 651; *Et vide Day v. Woodworth,* 13 How. 363, 14 L. Ed. 181; Sedg. on Dam. 531."

In Sedgwick on Damages, § 374, the rule is generally stated that in action of trover the jury may go beyond the value and give exemplary damages when there has been outrage in the taking,

[Howton v. Mathias.]

or vexation or oppression in the detention.—*Dennis v. Barber*, 6 Serg. & R. (Pa.) 420; *Harger v. McMains*, 4 Watts (Pa.) 418; *Silver v. Kent*, 60 Miss. 124; *Taylor v. Morgan*, 3 Watts (Pa.) 333. See, also, many authorities to the effect that exemplary damages may be recovered in trover, collected in 38 Cyc. 2104 (3), and 28 Am. & Eng. Ency. Law, 732.

Mr. Field (Law of Damages, § 821) states that it was originally held that exemplary damages could not be recovered in trover for the tortious taking; yet he collects cases from Pennsylvania, Indiana, and Minnesota to the effect that: "In this action the willfulness and malice of the party taking the converted goods may be inquired into, and, where these are shown, damages are not necessarily limited to mere compensation."

And Underhill (Torts, 76) thinks that: "Where there is no question of malice or claim to recover exemplary damages, the proper measure of damages in an action for conversion of property is the market value of the goods at the time of the tortious taking, with interest."

To like effect is the rule declared in Hale's Torts, 417. Mr. Pollock makes no mention of the allowance of such damages in his work on Torts.

Notwithstanding the distinction between actions of trespass and actions of trover, we see no good reason why exemplary damages may not be awarded in both actions, as pointed out by many of the modern decisions of the American courts.—*Plummer v. Hardison*, 6 Ala. App. 525, 60 South. 502. This question was presented in the case at bar by given charge 3 and refused charge 11 and 17. While the evidence of insult or malice in the taking and conversion was slight, yet the refusal of defendant's charges 11 and 17 may be justified on that ground.—*Tobler v. Pioneer, etc., Co.*, 166 Ala. 517, 52 South. 86; *Amerson v. Corona Coal & Iron Co.*, 194 Ala. 175, 69 South. 601. If the defendant apprehended injury from given charge 3 by reason of its omission of the words "from the evidence," an explanatory charge should have been requested.—*Hall v. Posey*, 79 Ala. 84; *Mansfield v. Morgan*, 140 Ala. 567, 37 South. 393; *Duncan v. St. L. & S. F. R. Co.*, 152 Ala. 118, 133, 44 South. 418.

(9, 10) It is insisted that given charge 2 was argumentative and misleading. It might well have been refused for this reason; yet we will not reverse for its giving.—*McCary v. A. G. S. R. R. Co.*, 182 Ala. 597, 613, 62 South. 18; *L. & N. R. R. Co. v. Lile*,

154 Ala. 556, 45 South. 699. Likewise the giving of abstract charges is not necessarily reversible error.—*L. & N. R. R. Co. v. Glascow,* 179 Ala. 251, 261, 60 South. 103.

Appellant's ninth assignment of error, that the court "erred in refusing written charge 8 requested by appellee," presents nothing for review, since the record shows that this charge was given, and not refused.

(11) Count 9 was for merchandise, goods, and chattels sold by the plaintiff to the defendant during, to wit, the years 1911, 1912, and 1913. Appellant contends that there was no evidence that plaintiff sold defendant any goods, etc., during those years for which the defendant was liable. It is true that the owner of goods which have been converted cannot maintain assumpsit for the proceeds thereof, "unless there has been a sale and the reception of money, or things as money, as the price or value of plaintiff's property."—*Fuller v. Duren,* 36 Ala. 73, 76 Am. Dec. 318; *Calhoun County v. A. M. C. Co.,* 152 Ala. 607, 44 South. 876. The evidence is without dispute that the plaintiff's interest in the cotton was converted by defendant into money, within the time alleged, and this would justify the refusal of charges 9, 10, and 11.

(12) The sixteenth assignment of error is not sufficiently insisted on in argument.—*Georgia Cotton Co. v. Lee,* 196 Ala. 599, 72 South. 158; *Republic I. & S. Co. v. Quinton,* 194 Ala. 126, 69 South. 604.

"It is insisted that given charge 6 ignores appellant's plea of set-off. The statute reads: "Mutual debts, liquidated or unliquidated, demands not sounding in damages merely, subsisting between the parties at the commencement of the suit, whether arising ex contractu or ex delicto, may be set off one against the other by the defendant or his personal representative, whether the legal title be in the defendant or not; and such set-off, if found for the defendant, extinguishes, either in whole or in part, as the case may be, the plaintiff's demand."—Code 1907, § 5858.

See, also, *West v. Cowan, Trustee,* 189 Ala. 138, 66 South. 816; *Morris v. Bank of Attalla,* 153 Ala. 352, 45 South. 219; *Debter v. Henry,* 144 Ala. 552, 39 South. 72.

(13) Charge 6 was applicable alone to count A. Appellee insists that the record shows that plea No. 4 of set-off was not interposed to that count added by way of amendment. In this

he is not borne out by the record.    The plea of set-off, with other pleas, was filed on January 28, 1915, the date on which the judgment entry recites count A was added by way of amendment. The defendant "reinterposed his demurrers to the count as amended," and said demurrers, being considered by the court, were on that date overruled.    The judgment entry further recites that on the 29th of January, 1915, "came the parties by their attorneys, and issue being joined," etc.    In this state of the record we may assume that the issue so joined was on the amended complaint and the several pleas filed of date January 28, 1915.    The case of *Western Union Telegraph Company v. Louisell,* 161 Ala. 231, 50 South. 87, is not in conflict with this view.    In the *Louisell Case* it is clear that the pleas were filed to the original complaint, and not refiled to the complaint as amended.

(14)' In the instant case, however, charge 6 does not predicate a verdict for the plaintiff on the hypothesized facts, but lays down only that on such facts the jury must find that the defendant converted said property to his own use.    Therefore the charge did not take from the jury the determination of the effect of allowing the defendant's set-off under his plea No. 4.

(15)  This court will not reverse a trial court for refusing to set aside a verdict on the ground that it is contrary to the evidence, unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to convince us that it is wrong and unjust.— *N. C. & St. L. Ry. v. Crosby,* 194 Ala. 338, 70 South. 7.

(16, 17)  In *Manistee Mill Company v. Hobdy,* 165 Ala. 411, 51 South. 871, 138 Am. St. Rep. 73, it was held that there was no error in refusing a charge for the use of the word "even," on the ground that the word carried an intimation of the court's opinion to the effect that it was not probable that the jury would find so.    That is to say, because it "carried on intimation against the supposition."—*B. R., L. & P. Co. v. Saxon,* 179 Ala. 136, 161, 59 South. 584; *L. & N. R. R. Co. v. Abernathy, infra,* 73 South. 103; *Miller v. State,* 107 Ala. 60, 19 South. 37.    Charges 4 and 5 given for the plaintiff were subject to this objection; yet the charges stated a correct proposition of law, to wit, that a lienholder (against the will of the owner) cannot rightfully seize and sell the property on which the lien attaches, without due process of law, but that he must enforce his lien, if at all, under the stat-

ute.—Code, §§ 4734-4746, 4747; *Banks v. Windham,* 7 Ala. App. 616, 621, 62 South. 297.

It results from what we have said that the judgment of the trial court must be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.