# Olive *v.* Adams.

*Statutory Real Action in Nature of Ejectment.*

1. *When vendor cannot maintain ejectment against purchaser.* — A vendor of land cannot recover against the purchaser in ejectment, or in a statutory action in the nature of ejectment (Rev. Code, §§ 2611–14), by proving only that he once sold the land to defendant, and executed to him a bond for titles, which is not produced : he must show title in himself, or a right to the possession.

2. *Notice to produce papers.* — When a party desires to use as evidence a paper or writing which is in the possession of his adversary, he must give notice to produce it, before he can adduce secondary evidence of its contents.

3. *Examination of party as witness against himself.* — Under the statute abolishing the incompetency of parties as witnesses in civil cases, a party may examine his adversary as a witness in open court, and is not compelled to file interrogatories to him, as under the former statute. Revised Code, §§ 2704, 2731. (PETERS, C. J., dissenting).

APPEAL from the Circuit Court of Henry.
Tried before the Hon. J. McCALEB WILEY.

W. C. OATES, for appellant.

JAS. L. PUGH, F. M. WOOD, and D. M. SEALS, *contra.*

PETERS, C. J. — This is a suit in the nature of an action of ejectment, to recover the possession of land, brought under our statute. The cause was submitted to a jury on the trial in the court below, on the plea of not guilty. The charge of the court being adverse to the plaintiff, he took a nonsuit ; and judgment was rendered against him in favor of the defendant for the costs. From this judgment he appeals to this court. Here, he insists that certain rulings, and the charge of the

[Olive v. Adams.]

court below adverse to him, as shown in the bill of exceptions, are erroneous, and moves in this court that the nonsuit be set aside, and for a new trial.

In ejectment, under the form prescribed by the Code, the fictitious proceedings are abolished, and the law of the common-law action of ejectment is kept in force, except so far as the same is changed by the Code.   Rev. Code, §§ 2611, 2610; 38 Ala. 44, 135.   The statute declares, that "the defendant may plead that he is not guilty of *unlawfully* withholding the premises claimed by the plaintiff;" and that "such a plea is an admission by the defendant, that he is in the possession of the premises sued for, unless he states distinctly upon the record the extent of his possession; in which case, it is an admission of possession to such extent only." Rev. Code, §§ 2613, 2614; 29 Ala. 542.   Here, the plea is general, and admits the possession by the defendant of the premises sued for; but it admits no more.   It does not admit that this possession is wrongful, or unlawful.   It is merely a possessory action, and only the right of possession is tried, and not the mere right to the land.   *Troublesome* v. *Estill*, 1 Bibb, 128. The plaintiff, then, must show, not simply that he has been the owner of the land sued for, but that he had at the commencement of the suit the legal right of possession.   3 Bac. Abr. Bouv. pp. 256, 257; 1 Chitt. Pl. pp. 187, 188 *et seq.;* 14 Peters, 322; 15 Peters, 410; 6 Peters, 431.   The complaint in this form of action states, that the plaintiff brings his action to recover the land sued for, "of which he was possessed before the commencement of the suit; and after such possession accrued, the defendant entered thereupon, and *unlawfully* withholds and detains the same." Rev. Code, § 2611; Ib. p. 677.   To this the defendant answers by his plea, that "he is not guilty of *unlawfully* withholding the premises claimed by the plaintiff." Rev. Code, § 2613, *supra*.   This issue involves the fact of a possession, under some legal right by the plaintiff, of the land sued for, and also an unlawful withholding of the same land by the defendant.   Whatever testimony will show this possession in the plaintiff, is competent evidence.   If mere possession alone is relied on, this may be shown by parol.   But if the right to the possession is derived from the title to the land, then the title must be shown by proper instrument in writing executed as required by the statute.   Rev. Code, §§ 2599, 1535, 1536.

Here, the plaintiff did not attempt to show any title to the land in himself, except by his declarations that he had once been the "owner" of the land in question, and had sold the same to the defendant in the year 1865.   In connection with this evidence, he also put in evidence before the jury a bill in

[Olive *v.* Adams.]

chancery, filed by the defendant as complainant, against him, in which it was, among other things, stated by the defendant, that he had purchased certain lands of the plaintiff in this suit in 1865, and that he received at said purchase the plaintiff's bond for title to the lands so purchased, and gave his promissory notes for the purchase-money; that the bond for title had been lost or destroyed; that he took possession of said lands under said contract of sale; that the purchase-money for said lands had been wholly paid, and that there was nothing due thereon to the plaintiff. Upon this evidence, the court charged the jury, if they believed the evidence, they must find for the defendant. This evidence did not show that the defendant in the court below withheld the premises sued for unlawfully, or that the plaintiff had any present right of entry and possession. Minor, 331; Rev. Code, §§ 2611, 2613. *Primâ facie,* the bond for title, which the plaintiff had given to the defendant on the sale in 1865, the contents of which was sought to be established, was not necessarily relevant to the issue on trial. It could only have proved a former ownership of the lands in controversy in the plaintiff, and the sale to the defendant. These facts were admitted by the defendant in his statements in his bill in the chancery suit. The plaintiff was, therefore, not injured by the refusal of the court to allow evidence of its contents.

2. Besides, the bond was a written instrument, rightfully in possession of the defendant. There was no evidence, which was at all conclusive, that it could not have been produced at the time of the trial, which occurred in March, 1872, and the bill was filed in May, 1871, which admitted its loss. The proper practice, in such a case, is to give the party having custody of the instrument or writing sought for, notice to produce it. Then, if it is not produced in response to the notice, evidence of its contents may be given, whether it be lost or not. 1 Greenl. Ev. 557, 560. The court did not err in the practice complained of. This is a rule long established, and from which we are unwilling to depart. The rule as to a lost instrument is also somewhat more strict, than that relied upon by the learned counsel for the appellant in this case. It is thus stated by Mr. Greenleaf, in his work on Evidence: "If the instrument is *lost,* the party is required to give some evidence that such a paper once existed, though slight evidence is sufficient for this purpose, and that a *bonâ fide* and *diligent* search has been unsuccessfully made for it, in the place where it was most likely to be found, if the nature of the case admits of such proof; after which his own affidavit is admissible to the *fact of its loss.*" 1 Greenl. Ev. §§ 558, 349, and cases there cited; also Cowen & Hill's note, 861, to 1 Phil. Ev.

[Olive *v*. Adams.]

p. 452. But this is not the case shown in the record. There, the document was in the custody of the opposite party to the suit; and the rule for its production is as shown above, and must be complied with, to put the court in fault, for a refusal to allow evidence of its contents.

3. The attempt to compel the defendant to testify against himself, and in favor of the plaintiff on the trial below before the jury, as I think, was properly restrained by the court. The rule at common law is, that a party to the suit is not competent as a witness for himself, and he cannot, either in criminal or civil cases, be compelled to testify against himself. 1 Greenl. Ev. § 330; 3 Bac. Abr. Bouv. p. 483. The Code removes the incompetency of a party to the suit, as a witness for himself in civil cases, and makes such party a competent witness, so far as this objection was in his way. Rev. Code, § 2704. But this section of the Code does not repeal the rule of the common law above stated, and compel a party to the suit, without his consent, to become a witness against himself. If one party to the suit desires the testimony of the opposite party, it must be obtained in the manner prescribed by the Code. The party desiring the testimony of his adversary must file with the clerk of the court, in which the suit is pending, " interrogatories to be propounded to him, with an affidavit that the answers thereto will be material testimony for him in the cause." Rev. Code, § 2731. This latter provision of the Code would be without substantial reason for its enactment, if the removal of the incompetency of a party to the suit was also intended to take away the exemption of a party from being compelled to give evidence against himself. Both of the above quoted sections of the Code are intended to modify the common law; the one, in one way, and the other in a different way. The one enlarges the competency of witnesses in civil suits, which is, to a certain extent, an abrogation of the common law upon the question of competency alone. Rev. Code, § 2704. The other curtails the privileges of the litigating parties which existed at common law, and subjects them to examination in a particular manner, which must be pursued, in order to procure and enforce the examination at all. Rev. Code, § 2731; *Bivens* v. *Brown*, 37 Ala. 422. This would not be required, if the examination could be made in open court before the jury, as with other witnesses. That this is required, shows that the statute is but a modification of the rule at common law, without intention to abolish it. The court, then, in this view of the law, did not err in refusing to compel the defendant to testify against himself. And if this view of our statutes above quoted and referred to should be adopted, then there is no error shown by the record hurtful to

the appellant. But the majority of the court do not agree with me in this construction of our law. They think that the better interpretation requires, that a party to the suit is not only competent, but he may be compelled to testify in open court, in all cases where such competency exists, for the opposite party. Rev. Code, §§ 2703, 2704.

The judgment of the court below is reversed, and the cause remanded for a new trial.