# Debter *v.* Henry.

*Assumpsit.*

[DECIDED FEB. 9, 1905.]

1. *Set-off; What Demands May Be Set-off.*—Any demand not sounding in damages merely may be set-off against any other demand not sounding in damages merely, whether the cause of action be *ex contractu* or *ex delicto,* and whether the demand sought to be set-off arose upon the contract or upon tort.

2. *Action or Assumpsit; Damages Claimed for Conversion can be Set-off.*—In an action of assumpsit, a claim in favor of the defendant against the plaintiff for the alleged conversion of two bales of cotton of a definite value, by reason of which conversion the defendant's mortgage lien upon plaintiff's crop was damaged to the extent of the value of the cotton so converted, may be set-off against the claim of the plaintiff.

APPEAL from Blount Circuit Court.

Heard before the Hon. JAMES A. BILBRO.

[Debter v. Henry.]

This action was brought by the appellee, Sam Henry against the defendant, W. D. Debter, and was an action. of assumpsit, in which the plaintiff sought to recover an amount alleged to be due from the defendant to him for balance due upon an account. The defendant pleaded the general issue and the following special plea of set-off: "The defendant as a defense to the action of the plaintiff, saith that at the time this action was commenced the plaintiff was indebted to him in the sum of ninety dollars, in this, that James H. Hudson did on the 20th day of February, 1900, execute a mortgage to the defendant, W. B. Debter on his crops for the year 1900, and the year 1901, and on or about the first day of November , 1901, the plaintiff bought and converted to his use two bales of cotton of the value of 90 dollars raised by the said James Hudson during the year 1901, at which time the aforesaid mortgage of James Hudson to defendant was unpaid nor was said mortgage paid at the time this suit was commenced and by reason of the conversion of said cotton or the destruction of defendant's lien thereon the defendant has been damaged in the sum of ninety dollars which he hereby offers to set off against the demand of the plaintiff and he claims judgment for the excess."

To the plea of set-off the plaintiff demurred upon the following grounds: 1. Said plea sets up a cause of action in tort as a set-off to an action ex-contractu. 2. Said plea alleges that the plaintiff is indebted to defendant in a cause of action ex-delicto and offers to set the said alleged damage off against an action of plaintiff against defendant on a cause of action ex-contractu which is not permissible at law. This demurrer was sustained. Upon issue joined there was verdict and judgment for the plaintiff. The defendant appeals and assigns as error the rulings of the court in sustaining the plaintiff's demurrer to defendant's plea of set-off.

THOMAS B. RUSSELL, for appellant.—Under section 3728 of the Code of Alabama, all demands not sounding in damages merely, whether they arise from tort or contract are proper subjects of set-off in actions of assumpsit.—*Burns v. Reeves*, 127 Ala. 127; *Hamilton v. Grif-*

[Debter v. Henry.]

*fin,* 123 Ala. 600; *Rosser v. Bunn & Timberlake,* 66 Ala. 89; *Holley v. Young,* 27 Ala. 203; *Gibson v. Marquis and wife,* 29 Ala. 668; *Wood v. Kimbrough & Fowler,* 37 Ala. 55; *Nelms v. Prewitt,* 37 Ala. 389; *Long v. Waters, Admr.,* 47 Ala. 624; *Eads v. Murphy, et al.,* 52 Ala. 520; *Sledge v. Swift Murphy & Co.,* 53 Ala. 110.

EMERY C. HALL, for appellee.—The law does not permit a tort to be pleaded as a set-off in an action ex-contractu, when it does not arise from the same transaction. —4 Mayfield's Digest, 784, § 115; *Nelms v. Hill,* 85 Ala. 583; *Johnson v. Aldridge,* 93 Ala. 77; 1 Chitty on Pleading, p. 572.

MCCLELLAN, C. J.—Upon the facts averred in the plea of set-off the damages claimed are measurable in a legal sense by a pecuniary standard, viz., so much of defendant's debt against Hudson as plaintiff's tort prevented his recovering, with interest. It follows that the demand laid in the plea does not sound in damages merely within section 3728 of the Code.—*Nelms v. Hill,* 85 Ala. 583.

It may be regarded as settled by the later adjudications of this court that any demand, not sounding in damages merely, may be set off against any other demand, not sounding in damages merely, whether the cause of action be *ex contractu* or *ex delicto* and the demand sought to be set-off arose upon contract or upon a tort.—*Hamilton v. Griffin,* 123 Ala. 600; *Burnes v. Beeves,* 127 Ala. 127, 132.

The plea of set-off was good, at least against any ground of demurrer assigned; and the circuit court erred in its ruling to the contrary.

Reversed and remanded.

HARALSON, DOWDELL and DENSON, JJ., concurring.