[Morris v. Bank of Attalla.]

# Morris *v.* Bank of Attalla.

## *Trover and Case.*

(Decided Dec. 19, 1907.　45 South. 219.)

**1. Appeal; Instructions; Abstract.**—An instruction being otherwise correct its giving is not error because it is abstract.

**2. Set-off and Counterclaim; Debts Subject to Set-off.**—Any demand which may be measured by a pecuniary standard, in a legal sense, not sounding in damages only, may be set-off, whether the action be ex contractu or ex delicto.　Section 3728, Code 1896.

**3. Chattel Mortgages; Execution; Witnesses; Qualification.**—The fact that a subscribing witness on the mortgage was a stockholder in the mortgagee corporation did not disqualify him from signing as a witness.

**4. Same; Execution by Mark.**—Where a chattel mortgage is executed by a mortgagor signing his name by mark only, the mark is required to be attested by a subscribing witness who can write his name.

APPEAL from Blount Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by the Bank of Attalla against E. A. Morris. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The first count in the complaint is for trover for the conversion of a bale of lint cotton on or about November 8, 1902. The second count is in case for destruction of a mortgage lien on said bale of cotton.

The defendant interposed the plea of general issue and several special pleas, as follows: "(2) For further answer to the complaint defendant says that S. T. Massey executed to A. G. and E. A. Morris a mortgage on the 6th day of January, 1896, upon his entire crop of corn, cotton, and all other produce raised or caused to be raised, or that may accrue to him in any legal manner, during the year 1896, and every year thereafter until this debt is fully paid; that said mortgage was duly

·recorded in the office of the judge of probate of Blount county, Alabama, on the 10th day of February, 1896, in ·Mortgage Record 37, page 442, and was for the sum of $150.00; that at the time said mortgage was executed by said Massey to the said.Morsises the said Massey resided on a farm in Blount county, Alabama, that he had previously purchased from said Morrises, and that said Massey resided continuously on said farm from that time up until the latter part of the fall of 1902; that said Massey raised the cotton, the subject of this suit, upon said farm during the year 1902; that the debt, or a greater part thereof, secured by said mortgage, is still due and unpaid; that at the time said crop was grown the said Massey was still owner of the farm upon which the cotton was grown; that before the taking of said cotton, on or about the.— day of ——, said G. A. Morris departed this life intestate, and that said E. A. Morris was, before the taking of the cotton, duly appointed ad-·ministrator of the estate of the said G. A. Morris, and that said cotton was taken under and by virtue of said mortgage. (3) For further answer to the complaint the defendant says that at the commencement of this suit the plaintiff was due the defendant $50.00 for the wrongful taking of goods and chattels, the property of the defendant, namely, 1,000 pounds of seed cotton and 100 bushels of cotton seed, of the value of $50.00, and the defendant offers to set off the above claim against the demands of the plaintiff and asks judgment for the residue. (4) The defendant claims of the plaintiff $50 damages for the conversion by it in November, 1902, of the following chattels: 1,000 pounds of seed cot-·ton and 100 bushels of cotton seed—the property of the defendant, and defendant offers to set off this claim against the demands of the plaintiff and asks judgment for the residue."

23 R

Demurrers were interposed to plea 2 as follows: "(1) Said plea does not allege or show that the defendant or person or persons for whom he claims to have been acting at the time he took possession of the cotton, the subject-matter of this suit, had the legal title thereto. (2) Said plea does not aver that said cotton was liable for the satisfaction of the mortgage mentioned and made a part of said plea, as against this plaintiff." Demurrers were filed to the third and fourth pleas as follows: "(1) Said pleas are no answer to the complaint, in that the complaint is in tort for the alleged wrongful taking of cotton, and set-off is no answer to an action in tort. (2) A plea of set-off is not available as a defense to an action in tort." The demurrers to plea 2 were overruled, and those to pleas 3 and 4 were sustained.

The plaintiff then filed the following replication to plea 2: "Plaintiff says that the mortgage indebtedness therein alleged to exist from said Massey to the said Morrises has been paid and satisfied in full before this day in this manner; that is to say, the said Massey has paid said indebtedness by delivering to said mortgagee property conveyed by the said alleged mortgage of sufficient value to pay said indebtedness, and has at divers times paid them money thereon and property covered by the said alleged mortgage, and the said mortgagees, their agents or representatives; have taken and received the money and property, which said property was conveyed to said mortgagees by said alleged mortgage of sufficient value to pay and satisfy said alleged mortgage indebtedness before this day."

Defendants demurred to said replication as follows: "Because it fails to allege or show that the payments therein mentioned were made before the commencement of this suit." This demurrer the court sustained.

[Morris v. Bank of Attalla.]

Objection was interposed to the introduction of the mortgage to the bank because the same was signed by Massey by mark and attested by J. H. Lester as subscribing witness, who was a stockholder in plaintiff's bank. This objection was overruled, and the mortgage admitted in evidence. The substance of the charges is stated in the opinion.

WARD & WEAVER, for appellant. The court erred in sustaining demurrers to the pleas of setoff.—*Debter v. Henry,* 39 South. 72, and authorities there cited; *Hamilton v. Griffin,* 123 Ala. 600. The payee of a note cannot be the agent of a maker for the purpose of placing his signature to the same, nor is he a competent witness to the signature of the maker of a paper required to be in writing and signed by the maker.—*Carlisle v. Campbell,* 76 Ala. Sec. 2151, Code 1896. While Lester was not the payee, he was the cashier of the payee corporation and as a consequence was disqualified. The court erred in giving the charges requested by the plaintiff.—*Mills v. Garnett,* 35 Ala. 96; 101 Ala. 663; 2 Mayf. 556, E.

EMERY C. HALL, for appellee. No brief came to the Reporter.

McCLELLAN, J.—This is the second appeal in this case.—*Morris v. Bank,* 142 Ala. 638, 38 South. 804. The trial court instructed the jury that the proceeds arising from mortgaged property should be always applied to the satisfaction of the mortgage debt unless the parties otherwise agreed. These charges were, of course, sound expositions of the law; and payment of the mortgages under which defendant sought to justify his appropriation of the property in question was made an issue by the replications. If these charges were abstract, as

seems probable, no prejudicial error resulted to defendant.

Whatever may have been the doubts theretofore existing, *Hamilton v. Griffin,* 123 Ala. 600, 26 South. 243, *Burns v. Reeves,* 127 Ala. 127, 28 South. 554, and *Debtor v. Henry,* 144 Ala. 552, 39 South. 72, finally settle the law, that under section 3728 of the Code of 1896, any demand capable of measurement in a legal sense by a pecuniary standard, not sounding in damages merely, may be set off against that claimed, whether the action be ex contractu or ex delicto. The pleas here set up in an action of trover the conversion of other chattels by the plaintiff, and under the rule stated should not have been, as was done, stricken on demurrer.

On former appeal the validity of the attestation by Lester of the mortgage from Massey to the bank was declared. We do not think the fact that Lester was a stockholder in the bank—mortgagee—disqualified him from serving as a subscribing witness thereto. The *Carlisle-Campbell Case,* 76 Ala. 247, adjudged that the payee could not become the agent of the payor in making the latter's mark to the instrument. It is true that, where a mortgage of chattels is executed by the mortgagor by his mark only, his signature (mark) must be attested by one who does and can write his name as a subscribing witness thereto. But this requirement is manifestly a totally different proposition from that announced in *Carlisle v. Campbell, supra.* In that case the execution itself of the mortgage, the affixing of the mortgagor's signature, was the subject of the agency sought to be created. This was there condemned. Here the office performed by Lester, the stockholder in the mortgagee, was as a memorial of the mortgagor's own act. The mark was made by the party to be charged, and the stockholder afforded, by his subscribing as a witness,

the necessary memorial and attesting element to a valid execution; and in this service he became the repository of the evidence of the act of the mortgagor as much for one as for the other of the parties. Doubtless it would be wiser and better, in such cases, for one not pecuniarily interested in the transaction to witness the instrument, since in the event of death of the mortgagor the witness could not testify in the premises. But we do not think the letter or spirit of the statutes (sections 1 and 2151 of the Code of 1896) are infracted in the least when we hold as indicated with respect to the subscribing witness in such case.

There is no analogy afforded by the inhibition the law raises against a stockholder taking an acknowledgement of a conveyance to his corporation. An efficacious acknowledgement not only renders the instrument self-proving, if seasonably recorded, but it imports a verity against which none can be heard to complain, unless it is for duress or fraud. It is a quasi judicial, if not judicial, act of an officer, and his certificate cannot be questioned, if his jurisdiction was obtained, except on the grounds stated. A subscribing witness to any instrument, of course, bears no such relation, nor is he clothed with any such judicial power. A stockholder, we conclude, may serve the statutory purpose referred to, and the instrument will not be thereby invalidated.

We discover in the record no other error than that committed in sustaining demurrers interposed to the pleas of set-off; and for this the judgment will be reversed, and the cause remanded.

Reversed and remanded.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., concur.