# Hooper *v.* Herring.

## *Assumpsit.*

(Decided November 20, 1913.   63 South. 785.)

1. *Actions; Joinder; Same Transaction.*—The counts in this case examined and held to be based on alleged breaches of duty arising out of the same transaction or relating to the same subject matter, and therefore properly joined, under section 5329, Code 1907.

2. *Banks and Banking; Failure to Pay Deposit; Pleading.*—By the acceptance of a deposit a banker subjects himself to the obligation of paying on the order or demand of the depositor whether by check or otherwise, and hence, in an action against a banker for refusal to pay on depositor's demand, counts alleging that the sum deposited by plaintiff with defendant was subject to plaintiff's check or demand, were not demurrable for uncertainty in failing to show

whether such sum was payable only on presentation of the proper check or on demand otherwise made.

3. *Same; Variance.*—Where the complaint alleged that the sum deposited by plaintiff with defendant was subject to plaintiff's check or demand, plaintiff's testimony that the account in question was of several year's standing, that he had the same with the defendant as a banker, and that he made general deposits with him subject to check, and drew checks thereon, was sufficient to support the conclusion that plaintiff's deposit was a general one, and did not constitute a variance as to its nature.

4. *Same; Pleading; Payment.*—In an action by the depositor against his banker to recover unliquidated damages for refusal to honor his check a plea of payment in the form prescribed by subdivision 35, section 5383. Code 1907, was inappropriate and demurrable.

5. *Same; Set-Off; Unliquidated Damages.*—Where the action was by a depositor against a banker for unliquidated damages for a failure to honor depositor's check, a plea alleging that such deposit constituted a credit for the agreed price of cotton sold by the depositor to the banker and that by reason of the breach of warranty of the quality thereof, there was a difference of $3,000.00 between the agreed price and the value of the cotton delivered, which amount defendant had charged back against plaintiff, thereby making a balance against him, was in effect a plea of recoupment or set-off, and available under section 5858, Code 1907.

6. *Appeal and Error; Assignment; Waiver.*—Assignment of error will not be considered on appeal when not argued or briefed further than to assert that it is well taken.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Assumpsit by R. E. Herring against J. F. Hooper. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

STREET, ISBELL & BRADFORD, for appellant. The causes of action stated are separate and distinct and should not be joined.—5 Cyc., and note; Sec. 5329, Code 1907. The complaint was demurrable for uncertainty, and the court was in error in overruling demurrers. There was a variance and the affirmative charge should have been given as to counts 1 and 2. The court erred in sustaining demurrers to the plea of payment as it was in form 35, sec. 5383. The court was in error in sustaining demurrers to defendant's plea of set-off or recoup-

ment.—Secs. 5858, 5859, 5865, Code 1907; 34 Cyc. 623, 657, 695 and 703; 3 A. & E. Enc. of Law, 835; Moss on Banks, sec. 335; *Collins v. Green,* 67 Ala. 211; *Lehman v. Tallassee,* 64 Ala. 595; *Conner v. Smith,* 88 Ala. 309; *Tallapoosa County Bank v. Winn,* 173 Ala. 275. The affirmative charge should have been given because of a failure of proof as to counts 1 and 2.—*Tobias v. Morris & Co.,* 126 Ala. 535; *C. Ry. v. Simmons,* 150 Ala. 400. No proper presentment or endorsement was shown.— 7 Cyc. 1003; 4 A. & E. Enc. of Law, 349, 356. Counsel discuss given and refused charges, but without citation of authority.

JOHN A. LUSK & SON, and A. E. HAWKINS, for appellee. A check properly presented is a demand.—*Tobias v. Morris & Co.,* 126 Ala. 547; 5 Cyc. 536. It is not necessary to state in pleadings mere matters of evidence.— *So. Ry. v. Bridges,* 143 Ala. 364. The plea of payment was not a proper plea, as a payment of the amount on deposit after the injury occurred, but before suit was brought would not have relieved defendant of his liability.—*Newsom v. Huey,* 36 Ala. 37; *Manchester F. A. Co. v. Fiebleman,* 118 Ala. 208; *City D. Co. v. Henry,* 139 Ala. 161; *U. S. F. & G. Co. v. Damskib,* 138 Ala. 348. The plea of recoupment was bad, and clearly demurrable.—*Tallapoosa Co. Bank v. Winn,* 55 South. 1011; Sec. 5858, Code 1907. There was no variance.

WALKER, P. J.—The complaint contained four counts, each of which asserted a breach of a duty imposed upon the defendant by a general deposit made by the plaintiff with him as a banker. Counts 1 and 2 were in assumpsit for the recovery of the amount on deposit; each alleging the defendant's failure and refusal on demand to pay the same. Counts 3 and 4 were in

tort for the recovery of damages claimed for the defendant's alleged wrongful failure and refusal to pay the plaintiff's check as a depositor. The several counts may be regarded as based upon alleged breaches of duty "arising out of the same transaction, or relating to the same subject-matter," within the meaning of that expression as used in the statute (Code, § 5329) authorizing the joinder of actions delicto with actions ex contractu when there is such a relationship or connection between the several breaches of duty counted on. The subject-matter with reference to which the defendant was sought to be charged with liability by each of the counts was one general deposit made by the plaintiff with the defendant as a banker. Indeed, it is a fair inference from the complaint as a whole that the claims asserted in its several counts arose out of the alleged transaction of the defendant in failing and refusing to accord to the plaintiff rights to which he as a depositor was entitled; that transaction being in the several counts disclosed under different aspects as constituting breaches of different duties owing by the defendant to the plaintiff. The conclusion is that the complaint shows that its several counts were such as the statute permits to be joined, and that it was not subject to demurrer on the ground that there was a misjoinder of counts.—Code, § 5329; *Western Railway of Ala. v. Hart et al.,* 160 Ala. 599, 49 South. 371.

It is insisted in the argument of the counsel for the appellant that counts 1 and 2, each of which averred in effect that the sum deposited by the plaintiff with the defendant was subject to the plaintiff's check or demand, were subject to demurrer on the ground that they were uncertain in failing to show whether such sum was payable only on presentation of a proper check or was also payable on a demand otherwise made. The

form of averment adopted was appropriate to show the existence of the obligation which a banker incurs by the acceptance of a general deposit. By the acceptance of such a deposit the banker subjects himself to the obligation to pay on the order or demand of the depositor, and such order or demand may be given or made otherwise than by the presentation of a check.—*Tobias v. Josiah Morris & Co.,* 126 Ala. 535, 28 South. 517; *First National Bank v. Hall et al.,* 119 Ala. 64, 24 South. 526. Neither of the counts in question was subject to demurrer because of any lack of certainty in its description of the obligation incurred by the defendant.

We are not to be expected to consider another ground which was assigned in the demurrers to counts 1 and 2 of the complaint when the only mention of it made in the argument of the counsel for the appellant is in an assertion that it was well taken. An assignment of error which is treated in this was by the party making it may be regarded as waived.—*Richardson et al. v. Mertins,* 175 Ala. 309, 57 South. 720.

It is contended in argument that the general charges requested by the defendant as to counts 1 and 2 of the complaint should have been given because of the variance between the allegations and the proof in that each of those counts averred that the amount on deposit with the defendant to the plaintiff's credit was subject to the latter's check or demand, while the evidence without dispute was to the effect that it was subject to check only. The contention as to the import of the evidence cannot be sustained. The plaintiff in his testimony, in speaking of the account of several years' standing which he had had with the defendant as a banker, stated that he "made general deposits there, subject to check, and drew checks on his bank." This testimony would support the conclusion that the plaintiff's deposit was a

general one, or such a one as was averred in the counts in question. In the connection in which it was made, the statement as to the amount on deposit, being subject to check, did not exclude the conclusion that it was subject to the plaintiff's order or demand in any other manner available to a general depositor. As to the nature of the deposit there was no variance between the allegations and one phase of the testimony in the case.

In the third and fourth counts of the complaint the plaintiff claimed damages for the alleged wrongful conduct of the defendant in dishonoring a check drawn by the plaintiff as a general depositor. The defendant's plea 2, which was one of payment in the Code form (Code, § 5383, form 35), was not an appropriate answer to these two counts of the complaint. It is not to be supposed that that form of plea was intended to be used as an answer to a complaint claiming unliquidated damages for the commission of a tort. We are of opinion that that plea as an answer to counts 3 and 4 was subject to the demurrer interposed to it. If it was the purpose of the defendant to rely upon anything as an adjustment of the damages claimed by the plaintiff and a satisfaction thereof, such matter of defense should have been set up in a plea succinctly stating the facts relied on.—Code, § 5330.

The defendant's plea 4 averred the breach of the warranty of the quality of cotton sold by the plaintiff to the defendant, a credit for the agreed price of which created the deposit alleged by the plaintiff, and that the difference between the agreed price of the cotton contracted for and the value of the cotton delivered was the sum of $3,000, with which amount the defendant charged the plaintiff, thereby making a balance against the plaintiff in favor of the defendant in the account between the two. This plea was in effect one of recoup-

ment or set-off of the amount claimed to be due to the defendant as damages for the breach of the alleged warranty. The plaintiff demurred to this plea so far as it purported to be an answer to counts 3 and 4 of the complaint, many grounds of demurrer being assigned, among them one suggesting that "the claim set up in said plea is not certain, definite, and liquidated, or capable of liquidation by calculation without the intervention of a jury." In support of the action of the court in sustaining the demurrer to this plea, the counsel for the appellee refer us to the ruling made in the case of *Tallapoosa County Bank v. Wynn,* 173 Ala. 275, 55 South. 1011. It might be inferred from some of the expressions used in the opinion rendered in that case that the court entertained the view that a banker, when sued by a depositor, may not plead as a set-off a claim in tort or one which is not so certain and definite as to be capable of liquidation by calculation without the intervention of a jury to estimate the sum. But we think it is apparent from the facts of that case that the matter with which the court was dealing when the expressions referred to were made use of was the right of the banker himself to make application of a balance in favor of a general depositor to demands of the banker against him, and not the right of the banker, when sued by a depositor, to avail himself, by way of recoupment or set-off against the demand sued on, of a counterclaim against the depositor. This latter right is one which is secured by a statute from the benefits of which a defendant, who is a banker sued by his depositor, is not excluded.—Code, § 5858. Under the provision of this statute that "mutual debts, liquidated or unliquidated demands, not sounding in damages merely, subsisting between the parties at the commencement of the suit, whether arising ex contractu or ex delicto, may be set

off against the other by the defendant," etc., it is not made a test of the availability of a claim for use in recoupment or as a set-off that it be so certain and definite as to be capable of liquidation by calculation without the intervention of a jury. A claim arising ex contractu or ex delicto, whether liquidated or unliquidated, if it is not a demand sounding in damages merely, and if it was subsisting at the commencement of the suit, may be availed of by the defendant as a recoupment or set-off.—*Burns v. Reeves,* 127 Ala. 127, 28 South. 554. A claim of damages for a breach of warranty of quality in a sale of cotton is not one wich is put out of the category of demands which may be set off by being one "sounding in damages merely," as, when the facts of such a claim are ascertained, the damages recoverable on it are capable of measurement by a pecuniary standard.—*Debter v. Henry,* 144 Ala. 552, 39 South. 72. We are of opinion that the court, in sustaining the demurrer to the plea in question, deprived the defendant of a substantial matter of defense of which he was entitled to avail himself. The mistaken view which led to that ruling was adhered to by the court during the subsequent progress of the trial, as is shown by its rulings on charges requested by the defendant. A review of those rulings in detail is not deemed necessary, as, because of the error above pointed out, the judgment appealed from must be reversed.

Reversed and remanded.