# West v. Cowan, Trustee.

### Bill to Fasten Liability for Twenty-Five Shares of Stock.

(Decided November 7, 1914.  66 South. 816.)

1. *Depositions; Oral Examination; Statute.*—Under section 3139, Code 1907, a party to a bill in equity may be compelled by the adversary party to testify orally, and the provisions of section 3134, Code 1907, are not exclusive.

2. *Appeal and Error; Review; Disposition on Appeal.*—Where complainant assigned cross errors on his cross appeal from a decree granting him relief, and in such cross assignment complained of the action of the court in denying to him the right to compel respondent to be orally examined, the decree will be reversed as a whole, since such error permeated the whole proceeding.

3. *Witnesses; Testimony; Account Books.*—Where a witness's testimony is based on book entries, the correctness of which is not known by him, he may not testify as to the assets of a concern therefrom.

4. *Bankruptcy; Bill by Trustee; Set-Off.*—Under sections 5858-9, Code 1907, a respondent, in an action by a trustee in bankruptcy of a corporation for the value of stock alleged to have been transferred to respondent, and paid for out of the funds of the corporation, and for a loss sustained by the corporation by the purchase of a business, may, by cross bill, set off a claim for salary for services rendered for the corporation, and for money advanced to it for the payment of debts due by it.

5. *Costs; Liability on Appeal.*—Where a decree is reversed on complainant's cross appeal, complaining of the refusal of the court to compel the oral examination of appellant, respondent, as a witness, the appellant will be taxed with the cost of the appeal.

APPEAL from Jefferson Chancery Court.

Heard before Hon. H. A. BENNERS.

Bill by A. S. Cowan, as trustee in bankruptcy of the West Clothing Company, against Thomas F. West, There was a decree granting relief to complainant, and defendant appeals, and complainant brings cross-appeal.

The matters referred to in the cross-bill as being proper matters of set-off are in the shape of proof

of a preferred claim filed by the said West against the estate of the West Clothing Company for salary for the months of May and June, amounting to the sum of $183.31, a copy of which is set out, and also the claims having been filed in the proper shape with the referee in bankruptcy to whom the estate was referred. It is alleged that, when the referee permitted the trustee to file the bill, he also gave permission to cross-complainant to set up the claims on file as offsets, recoupments, or counterclaims, as he may be advised. It is further alleged that, by a contract and agreement executed by Joseph Colvin and W. P. Boone, parties of the first part, and Thomas West, party of the second part, made for the purpose of settling the differences existing among the stockholders and directors of the West Clothing Company, and for the purpose of liquidating and settling every kind of indebtedness or claim which may be now owing by the said West Clothing Company to the said Colvin, amounting approximately to $6,153.59, the parties of the first part, in consideration of the promises and agreement of the said West, hereafter noticed, "set over and assign to said West all the shares of stock owned by each of them in said West Clothing Company, and do hereby resign as directors of the West Clothing Company, and sever all connection therewith, and the said Colvin surrenders, transfers, and assigns to said West any and all indebtedness, claims, and demands which he may now hold against the said West Clothing Company or Thomas F. West, and acknowledges receipt of payment in full for same, and West, in consideration of the foregoing, purchases from the parties of the first part the shares of the stock owned by them in the West Clothing Company as follows: Colvin, 24 shares; and Boone, 1 share—and hereby

agrees to pay therefor the sum of $4,500 as follows: $1,000 cash, $1,000 by note payable 90 days after date, and $2,500 by two promissory notes, payable in 6 and 12 months, with interest from date." It is then alleged that by resolution the West Clothing Company acknowledged itself to be indebted to said Thomas F. West in the sum of $4,500, together with interest thereon, and that this action of the directors was ratified by resolution passed by the stockholders at their annual meeting, and the sum of $3,250 was paid said Colvin by said corporation, and that at that time the debts of said corporation other than that to Colvin did not amount to more than $500. West then alleges that the remainder of said $4,500 obligation to said Colvin under the contract—namely: $1,250.00 was paid to said Colvin by this defendant individually, since the adjudication in bankruptcy of said corporation, in order to discharge his obligation to Colvin by reason of said contract. This sum of $1,250 was also sought to be set off. It is then prayed that, if the admitted indebtedness of the corporation to said West in the sum of $4,500 as adjudged by the resolution is ultra vires, then that the court will set off the sum of $3,250 paid under said resolution as against the $6,153.59 owing said Colvin in November, 1911, and by him assigned to this defendant, and that the court will decree a judgment against the estate in the sums above claimed; the first two sums being for salary and cash advanced. This is coupled with an offer to do complete equity.

On the examination of one Crane as witness for respondent, he was asked on the cross:

"Do you know from your own personal knowledge of the transactions of the West Clothing Company, and the account between it and Colvin, regardless of the invoices as O. K.'d and reported to you, whether or not the books of the West Clothing Company correctly

showed the amount of indebtedness from the West Clothing Company to Colvin?"

The objection was that the books were the best evidence of the account as stated therein until grounds for their incorrectness is brought out, and no evidence of their incorrectness is shown, and because the question calls for immaterial, irrelevant, and impertinent testimony. Complainant also moved to exclude all that part of the deposition of the witness Crane on direct examination which stated the assets in the Almand business, on the grounds that said testimony is shown to have been based on, and given from, facts not in the knowledge of witness, and because said testimony was based on a memorandum made of the Almand assets by other parties than the witness. The witness stated that he did not make the inventory, and did not know whether it was correct, but that he was testifying as to the value of the Almand assets from a memorandum witness made from that inventory, and from the showing made on the books; that he did not know whether the books were correct except as they were reported to him.

HENRY UPSON SIMS, for appellant.

MAX J. WINKLER, and VICTOR SMITH, for appellee.

GARDNER, J.—In June, 1912, the West Clothing Company, a corporation organized in the year 1910, under the laws of Alabama, was adjudicated a bankrupt, and A. S. Cowan was subsequently duly elected trustee in bankruptcy of said estate. The bill alleges that as such trustee complainant has been duly authorized to bring this suit. Thomas F. West is sole defendant; and it is alleged that he was a director, the

president, a large stockholder, and the manager of said corporation from the time of its organization until its adjudication in bankruptcy.

By the bill the complainant, as such trustee, seeks to fasten liability upon said West, the manager of the affairs of the said bankrupt corporation, for the value of 25 shares of stock alleged to have been transferred to him and paid for out of the funds of the company; and also for a loss the corporation sustained by the purchase of what is called, for convenience, the "Almand business," and the assumption of its indebtedness. While the bill seems to have set up another ground for relief, as loss through the negligence of said manager, this latter is expressly abandoned by counsel for complainant in their brief, and needs no further reference. The chancellor rendered a decree against said West, based upon the first ground above stated—liability for the value of said shares of stock. From this decree the respondent, West, appeals.

The complainant in the court below, being dissatisfied with the result, and insisting that the liability was greater, and that the decree should have been for a larger sum, including the loss from the "Almand" transaction, brings his cross-appeal; and there are a number of cross-assignments of error.

Contrary to the usual order of things, it seems proper on this appeal to make disposition, at this time, of the first cross-assignment of error, as follows: "The court erred in overruling complainant's exceptions to the order of the register disallowing to complainant the oral examination of Thomas F. West."

Complainant was proceeding, under the provisions of section 3139 of the Code of 1907, to an oral examination of his witnesses, and in his application named the respondent as among them. The register sustained

the motion of the respondent to strike his name as a witness from said application, and in this ruling, upon review, the register was sustained by the chancellor; and thus the oral examination of Thomas F. West as a witness for the complainant was denied. Complainant's right to examine the respondent orally, as his witness, under section 3139 of the Code, is the question presented by the above cross-assignment of error.

At common law the party to a civil suit was not a competent witness in the cause, but this rule was long ago abrogated by our statute.—section 4007 of the Code of 1907. We are of the opinion that the case of *Olive v. Adams*, 50 Ala. 373, is decisive of the question. It was there held, by a majority of the court, that a party to the suit was not only a competent witness, but that "he may be compelled to testify in open court, in all cases where such competency exists, for the opposite party." We do not find that this authority has been disturbed by any subsequent decision of this court.

It is insisted here by counsel for appellant that the statute provides a method for examination of either party in a chancery suit (section 3134 et seq.), and that this is exclusive. Such seems to have been the course of reasoning of the writer of the opinion in *Olive v. Adams, supra,* wherein he pointed out that the statute provided a particular way for the examination of the parties (section 2731 of the Code of 1867; section 4039 of the Code of 1907) which must be pursued. As above shown, however, the majority of the court did not agree, and held that the party to the suit, being a competent witness, may be compelled to testify in open court for the opposite party.

Our statute (section 3139 of the Code) provides for the oral examination of witnesses in a chancery suit. The rules of evidence as to the competency of wit-

[West v. Cowan, Trustee.]

nesses in courts of chancery are the same as those in courts of law. That the respondent, West, was a competent witness in the cause is not controverted; the sole insistence being that complainant must take his testimony by filing interrogatories as provided by statute, and that he can do so in no other manner. True, the case of *Olive v. Adams, supra,* was dealing with a cause in a court of law, but, as now either party to a chancery suit may have an oral examination of his witnesses, and the rules of evidence as to competency being the same, we see no reason why a distinction should exist.

The case of *Winter v. Elmore,* 88 Ala. 555, 7 South. 250, dealt with entirely different provisions of the Code (sections 2823-2831, Code of 1886; section 4062 et seq., Code of 1907), and the opinion directs attention to the fact that at the time these provisions for perpetuating testimony became the law parties to the suit were not competent witnesses. But it had long been the law that they were competent witnesses at the time of the enactment of section 3139 of the Code of 1907. We see not reason why the rule announced in *Olive v. Adams, supra,* should not be applicable to the oral examination in a chancery cause, and we therefore conclude that the complainant was within his rights in seeking the oral examination of the respondent as among his other witnesses, if he so desired him as his witness, and that the court was in error in disallowing him the privilege.

The complainant was seeking an accounting of the respondent, and a recovery of a judgment against him upon two grounds, but the judgment recovered would be single and indivisible, and the cross-assignments of error relate to the insufficiency of damages recovered by the decree. The complainant could have rested con-

tent with the judgment recovered, but he has seen fit not to do so, and assigns errors on his cross-appeal. We have concluded that the first cross-assignment of error is well taken. This must work a reversal of the cause. The ruling of the court deprived complainant of the testimony of respondent as a witness, and, of course, we cannot foresee what effect, if any, such evidence would have upon the isue involved. The said respondent, West, was not examined as a witness in the cause.

We deem it unnecessary to determine or consider whether or not the evidence was sufficient to justify the decree as it now stands, for the reason that the action of the court above referred to, and assigned as error on the cross-appeal, necessitates a reversal of the entire cause. We therefore think it proper to refrain from comment upon the merits of the cause. It can hardly be consistently contended that the judgment for the sum already decreed should stand and be affirmed, and the cause remanded for further proceedings for the recovery of another judgment; as this would be a trial of the cause piecemeal, which the law does not encourage. The error of the court in disallowing the examination of the respondent permeates the entire proceedings. This action of the court is brought here for review by the complainant, and he cannot be heard to complain that the sustaining of his contention works a reversal of the entire cause. Nor can it be insisted that the decree should be reversed, and one here rendered, as the ruling of the court here complained of discloses that there is more evidence, which was sought to be introduced, but was erroneously disallowed.

In view of the fact that the cause is to be subsequently retried, however, and resubmitted to the chan-

[West v. Cowan, Trustee.]

cellor, we here make note of the insistence of appellee that his objections to the testimony of the witness Crane as to book entries were well taken. The testimony in this regard does not appear to meet the requirements of the rule, and, in view of another trial, we direct attention to the following cases: *Murray & Peppers v. Dickens*, 149 Ala. 240, 42 South. 1031; *Alabama Lumber Co. v. Cross*, 152 Ala. 562, 44 South. 563, 126 Am. St. Rep. 55; *McDonald v. Carnes*, 90 Ala. 147, 7 South. 919.

We will further add that it may be said that this suit is in the nature of an accounting, and liability is sought to be fastened upon the respondent for matters growing out of a breach of his trust relation with the corporation. We are of the opinion that the matters pleaded in the cross-bill by the respondent were proper matters of set-off in cases of this character.— Code, §§ 5858, 5859; *Morris v. Bank of Attalla*, 153 Ala. 352, 45 South. 219; *Debter v. Henry*, 144 Ala. 552, 39 South. 72.

The ruling of the court disallowing to complainant the oral examination of the respondent as his witness was invoked by the respondent. We have held this an error which permeates the entire cause and works a reversal thereof. This being the situation, we think it proper that the appellant be taxed with the costs of this appeal, and it will be so ordered.

The decre of the chancellor is reversed, and the cause is remanded to the chancery court for further proceedings therein.

Reversed and remanded.

McClellan, Sayre and de Graffenried, JJ., concur.