48 So.2d 768

### FLUKER v. CITY OF BIRMINGHAM.

### 6 Div. 3.

Court of Appeals of Alabama.
May 16, 1950.

Rehearing Denied June 6, 1950.

Geo. E. Trawick, of Birmingham, for appellant.

Chas. H. Brown, of Birmingham, for appellee.

CARR, Judge.

The ordinance of the City of Birmingham under which the accused was charged and convicted is as follows:

"Sec. 600. Possession of lottery tickets, policy slips, etc. Any person who possesses any ticket, writing, paper, slip, document, memorandum, list, article, matter or

thing of any nature or kind whatsoever, which is customarily or usually used in the operation of a lottery, policy game, or game of chance of any sort or kind, or which is of a kind which is customarily used in the operation of a lottery, policy game, or other game of chance of any sort or kind, shall, upon conviction be punished in the manner and within the limits specified by section 4. To constitute the offense created by this section it shall not be necessary that the ticket, writing, paper, slip, document, memorandum, list, article, matter or thing be actually used, or actually be in use or is yet actually to be used in the operation of a lottery, policy game or other game of chance. It shall not be a defense to the charge of possessing the ticket, writing, paper, slip, document, memorandum, list, article, matter or thing that it or any of them so possessed have not actually been used or were not then being used, or were not intended to be used in the operation or in connection with the operation of a lottery, policy game or other game of chance. The possession forbidden by this section shall not apply to a possession had by a police officer, sheriff, deputy sheriff or other peace officer, judge or attaché of a court or an attorney, when such possession is connected with the prosecution or investigation of a violation of this section, but the burden of offering evidence that the accused's possession is under this exception shall rest upon the accused. Expert testimony shall be admissible to show that the ticket, writing, paper, slip, document, memorandum, list, article, matter or thing was customarily and usually used in the operation of a lottery, policy game, or other game of chance, and expert testimony shall also be admissible to show the contrary."

It is here insisted that this ordinance is unconstitutional, and this is the only matter presented for our review by this appeal.

This identical question was considered by this court in the cases of City of Birmingham v. Reed, Ala.App., 44 So.2d 607,[1] and Fiorella v. City of Birmingham, post, p. 384, 48 So.2d 761.

In each of these cases we held that the ordinance is constitutional. We will not depart from this view. It is, therefore ordered that the judgment below be affirmed.

Affirmed.