52 So.2d 164

## MADDOX v. CITY OF BIRMINGHAM.

### 6 Div. 15.

Court of Appeals of Alabama.

Dec. 19, 1950.

Rehearing Denied Jan. 9, 1951.

W. L. Longshore, of Birmingham, for appellant.

Chas. H. Brown, of Birmingham, for appellee.

**CARR, Judge.**

The accused was convicted in the circuit court on a charge of possessing lottery tickets in violation of Section 600 of the 1944 General Code of the City of Birmingham.

There are a number of assignments of error; however under the rule we are required to consider only those that are stressed in brief of counsel. Simmons v. Cochran, 252 Ala. 461, 41 So.2d 579; Arrick v. Fanning, 35 Ala.App. 409, 47 So. 2d 708; Supreme Court Rule 10, Code 1940, Title 7, Appendix.

Assignment number 4 is based on the action of the lower court in overruling appellant's demurrers to the complaint.

The complaint is: (omitting formal parts)

"Comes the City of Birmingham, Alabama, a municipal corporation, and complains that Troupe Maddox Within Twelve Months Before The Beginning Of This Prosecution and within the City of Birmingham or the police jurisdiction thereof, did possess tickets, writings, papers, slips, documents, memorandum, lists, articles, matters or things of a nature or kind which is customarily or usually used in the operation of a lottery, policy game, or game of chance, contrary to and in violation of Section 600 of the General City Code of the City of Birmingham of 1944."

We have had occasion to review this identical question before. In the cases of Brooks v. City of Birmingham, 31 Ala.App. 579, 20 So.2d 115; Stinson v. City of Birmingham, 31 Ala.App. 577, 20 So.2d 113; and Ford v. City of Birmingham, 35 Ala.App. 371, 47 So.2d 287, we held that a similar complaint was sufficient against demurrers interposed.

Assignment No. 14 takes the position that the court erred in giving the following charge at the instance of the City:

"I charge you gentlemen of the jury that any reasonable doubt as to the guilt of the defendant must be a doubt growing of the evidence in the case or the lack of evidence in the case."

It is apparent that the word "out" is omitted from the charge. No doubt this is an omission of the typist. The charge does not appear in such a state of unintelligibility that error should be based on the action of the court in giving it. The insistence is made that the instruction is otherwise incomplete and misleading. If it can be said that this criticism is properly directed, counsel should have requested an explanatory charge. Conner v. Foregger, 242 Ala. 275, 7 So.2d 856; Moore v. Cruit, 238 Ala. 414, 191 So. 252; Evans v. State, 17 Ala.App. 141, 82 So. 625; Emergency Aid Life Ass'n v. Gamble, 34 Ala.App. 377, 40 So.2d 887.

Assignments numbered 5, 6, 7, 8, 9, 10, 11, 12, 13, and 15 are not sufficiently stressed in brief of counsel to invite review. The brief only states that the court erred in its ruling in respect to each insistence. No reason is given for the conclusion. Powell v. Bingham, 29 Ala.App. 248, 196 So. 154; Hooper v. Herring, 9 Ala.App. 292, 63 So. 785; W. S. Wiles & Son v. Wright, 24 Ala. App. 409, 136 So. 842.

Assignments numbered 21, 22, and 23 are grouped in argument and relate to three different incidents which occurred during the examination of the accused. We will set out each of these from the record:

(1) "A. Well, I live over there.

"Mr. Brown: (Laughing)

"The Court: It might be inquiring into a third person's mental operation."

(2) "Q. How long have you been fooling with the policy racket, Troupe?

"Mr. Trawick: We object to that, may it please the court. It assumes that he has been fooling with it; it assumes that it is a racket. I dare say it is but there is no proof of it here. That is a matter that is not on trial here today.

"The Court: Well, leave it out."

(3) "Q. How many times has Mr. Goldstein arrested you?

"Mr. Trawick: We object to that, may it please the court.

"Q. For policy violations?

"Mr. Trawick: We object to that, may it please the court. That is not in issue here,

in the first place. In the second place it is not a crime involving moral turpitude.

"Mr. Brown: He got up there and I just wanted to know.

"Mr. Trawick: I object to his comments.

"The Court: Leave it out.

"Mr. Trawick: Ask the court to instruct the jury not to consider that in this case.

"The Court: Please don't consider anything that is left out, gentlemen."

 The assignments pose the position that the court erred in failing to declare a mistrial in each instance. It will be noted that no such motion was made at the time of the occurrence. When requested, the court ruled in favor of the objector, the appellant. Our power of review is limited to those matters upon which rulings at nisi prius were invoked. Lipscomb v. State, 32 Ala.App. 623, 29 So.2d 145; Dotson v. State, Ala.App., 43 So.2d 434; Woodson v. State, 170 Ala. 87, 54 So. 191.

There are no other assignments of error argued in brief of counsel.

It is ordered that the judgment below be affirmed.

Affirmed.

### On Rehearing

In brief on application for rehearing it is pointed out that we omitted in our original opinion to decide the question of the constitutionality of the ordinance on which the prosecution is based.

This exact question has been reviewed by this court and the Supreme Court in a number of recent cases in which the constitutionality of the ordinance has been upheld. Fiorella v. City of Birmingham, Ala.App., 48 So.2d 761 [1], certiorari denied Fiorella v. City of Birmingham, Ala. Sup., 48 So.2d 768 [2]; Fluker v. City of Birmingham, Ala.App., 48 So.2d 768,[3] certiorari denied Fluker v. City of Birmingham, Ala.Sup., 48 So.2d.769; [4] Dorsey v. City of Birmingham, Ala.App., 48 So.2d 770,[5] certiorari denied Dorsey v. City of Birmingham, 254 Ala. 514, 48 So.2d 770.

Application for rehearing overruled.

[1] 35 Ala.App. 384.
[2] 254 Ala. 515.
[3] 35 Ala.App. 360.
[4] 254 Ala. 514.
[5] 35 Ala.App. 383.